COKER v. THE STATE.

1. One's occupancy of land being in its nature a continuing act, every day's occupancy thereof by him is, in legal contemplation, a new and independent act of occupation. This being so, a prosecution based upon the Penal Code, § 250, for the offense of occupying land under a forged title, knowing the same to be forged, is not barred by the statute of limitations, if the indictment is returned while the accused is so in possession of the land, or within four years after such possession has been abandoned.

2. Whether the principal witness for the State was or was not an accomplice of the accused in the perpetration of the offense charged, there was sufficient evidence to warrant the verdict. If that witness was not such accomplice, his testimony fully established the guilty knowledge by the accused constituting an element of the crime, and in connection with the other testimony made out the State's case. If he was such accomplice, there was ample corroboration of his testimony in all essential particulars.

Argued March 17, — Decided March 31, 1902.

Indictment for occupying land under a forged title. Before Judge Spence. Baker superior court. January 13, 1902.

B. Odom, A. S. Johnson, and J. W. Walters, for plaintiff in error. W. E. Wooten, solicitor-general, contra.

FISH, J.  M. C. Coker was convicted of the offense of occupying land under a forged title, knowing the same to be forged.  His motion for a new trial being overruled, he excepted.  The motion for a new trial made the point that the offense, if any, was barred by the statute of limitations, as, under the undisputed evidence, "more than four years had expired between the date of defendant going into possession of said land mentioned in the indictment and the date of finding and filing the indictment, with the full knowledge of the prosecutor at the date defendant went into possession." We do not think the point meritorious.  The Penal Code, § 250, prescribes that, "if any person shall take possession of or occupy or exercise any acts of ownership over any land or the timber thereon, under any grant, deed, bond, lease, or other conveyance, which is forged, or any part of the title thereof is forged, knowing the same to be forged, such person shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than five years : *Provided*, that the provisions of this section shall not apply to any person whose title or possession was acquired by him, or those under whom he claims, bona fide and without notice of the fact of such forgery."  The indictment charged that the accused, on January 1, 1900, in the county of Baker, this State, did then and there unlawfully and feloniously " take possession of, occupy, and exercise acts of ownership over " a certain described lot of land, situated in such county, under certain enumerated and described deeds, which were forged and which the accused knew had been forged.  Even if four years had elapsed from the time that the accused went into possession of the land and the date of the finding of the indictment, there is no contention that he was not occupying the land within four years prior to the finding of the bill.  It will be perceived that the statute makes it a penal offense for one to occupy land under a forged deed, knowing the same to be forged, unless his "title or possession was acquired by him, or those under whom he claims, bona fide and without notice of the fact of such forgery."  To continue to occupy land the possession of which was knowingly acquired by the occupant under a forged title is a constant repetition of the crime during such occupancy.  As no time is fixed when such occupancy shall cease to be a crime, a prosecution for the offense is not barred by the statute of limitations, if the indictment is returned while the accused so occupies the land, or within four years after such occupancy has been abandoned.

Counsel for the plaintiff in error contend that the evidence was not sufficient to warrant the verdict, for the reason that there was no evidence tending to show the guilt of the accused, except the testimony of one R. C. Clark, a witness for the State; that he was an accomplice of the accused, and there was no evidence to corroborate his testimony. It is not at all certain that Clark was an accomplice of the accused in the crime alleged. If not such accomplice, Clark's testimony, without corroboration, was sufficient to fully establish that the accused knew that the title under which he claimed the land occupied by him was forged, and taken in connection with other testimony made out the State's case; and if it be granted that Clark was such accomplice, there was ample corroboration of his testimony in all essential particulars.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*