# CHARLESTON.

## STATE *v.* COOL.

Submitted June 11, 1909.   Decided November 2, 1909.

1.  SPIRITUOUS LIQUORS—*Sale Within One Year—Indictment.*
     In order to sustain an indictment against a person for the
     sale of spirituous liquor, wine, porter, ale or beer, or any drink
     of a like nature, without having a State license therefor, it
     is necessary to prove that the sale was made within one year
     next prior to the indictment.   (p. 87).

2.  PREJUDICIAL ERROR—*Reversal of Judgment.*
     Where the trial court refuses to permit a question to be an-
     swered by a witness, and it is made to appear by the bill of
     exceptions that the answer, if allowed to be given, would have
     been material to the issue, this Court will assume that defend-
     ant was prejudiced by such refusal, and will reverse the judg-
     ment, set aside the verdict and grant a new trial.   (p 88).

3.  ALLEGED INTOXICATING DRINKS—*Evidence, Admissibility of.*
     · When any drink, alleged to be intoxicating, is sold in labeled
     bottles, as put up by the manufacturer, and has a commercial
     name or designation, the evidence of persons who have pur-
     chased it from the defendant and drunk it, whether at the
     same time or on different days and occasions, as to whether it
     is intoxicating, is admissible both for the State and the de-
     fendant.   (p. 87).

Error to Circuit Court, Preston County.

Henry A. Cool was convicted of unlawfully selling spirituous
liquors without a state license therefor and brings error.

> *Reversed and New Trial Awarded.*

*P. E. Parrack* and *N. J. Fortney,* for plaintiff in error.

*William G. Conley, Attorney General,* for the State.

WILLIAMS, JUDGE:

On the 10th of June, 1908, Henry A. Cool was indicted in
Preston county for unlawfully selling spirituous liquors, without
having a state license therefor.   ·

On the 7th day of December, 1908, he was tried on the issue
of not guilty, convicted and adjudged to pay a fine of $25.00
and sentenced to confinement in jail for sixty days.

During the trial he took five several bills of exceptions.  Bill

of exceptions No. 1. G. A. Taylor, a witness for the State, was asked: "Tell the jury whether or not you saw Henry C. Riley buy any kind of intoxicating drink from H. A. Cool during the year 1907 and when?" The court permitted the question to be answered over the objection of the defendant. This is not error calling for a reversal; but the question was not proper because it did not limit the time of the sale to a period of one year prior to the time of the indictment, to-wit, June 10, 1908.

Bill of exceptions No. 2 shows that the defendant's motion to strike out the evidence and direct a verdict of not guilty was overruled, and exception taken. This bill refers to, and makes the evidence in the case a part of, the bill of exceptions from which it appears that the State failed to prove that the alleged sale had been made within a year prior to the indictment. This was one of the material allegations of the indictment and should have been proven by the State. The court erred, therefore, in overruling the motion.

Bill of exceptions No. 3 embodies the ruling of the court upon a number of questions asked the defendant in his examination in chief and also upon cross-examination. It does not appear that the court erred in refusing to allow the questions to be answered, because it is not made to appear what fact was intended to be proved by the question. *Thomas* v. *Electrical Co.,* 54 W. Va. 395. But if defendant had stated that his purpose in asking the question was to prove that the witness had drunk the same kind of malt that the prosecuting witness had drunk and that it was not intoxicating; and that defendant sold but one kind of malt, all of which was put up in packages by the same manufacturer and bore the same commercial brand, the testimony would have been clearly admissible and it would have been error to exclude it. It was not necessary that witness should be able to state that he had drunk out of the identical bottle or package from which the prosecuting witness had drunk before permitting him to answer the question. *State* v. *Good,* 56 W. Va. 215; *State* v. *Gillispie,* 63 W. Va. 152.

Bill of exceptions No. 4 shows that the court refused to permit George Hart, a witness for defendant, to answer the following question, viz: "Tell the jury whether or not the malt you bought of him (meaning the defendant) was intoxicating?" It also shows that it was the intention to follow up this question

and prove that during the year preceding the indictment the defendant handled but one kind of drink, called malt, and that this witness had drunk it. His purpose was to prove that it was not intoxicating. Such testimony was proper and the court erred in not permitting the question to be answered. *State* v. *Good,* and *State* v. *Gillispie, supra.*

Bill of exceptions No. 5 embodies the ruling of the court on the motion to set aside the verdict and grant him a new trial. This bill contains the evidence. The court erred in overruling this motion for the reason above stated; that is, the State failed to prove that the sale had been made within a year prior to the time of the indictment, the only evidence on this point being the following question and answer thereto given by the State's witness, G. A. Taylor, viz: "Q. Tell the jury whether or not, you saw Henry C. Riley buy any kind of intoxicating drink from H. A. Cool during the year 1907 and when? A. Why I don't know of him selling anything but malt I believe." This does not prove when the sale was made. It might have been made in the year 1907 and still have been prior to June 10, 1907.

For the reasons herein stated, the judgment of the lower court will be reversed, the verdict set aside and a new trial awarded.

*Reversed and New Trial Awarded.*