## 2582. WARE *v.* THE STATE.

Where a husband voluntarily and wilfully separates from his wife in one county, leaving with her provisions, money, and clothing sufficient for the temporary support and maintenance of their minor child, and thereafter continues the desertion of his wife and the abandonment of his child, and the wife, on account of such desertion and abandonment, is compelled to take the child and seek a home with her brother in another county, and the child, in the latter county, subsequently becomes dependent, the abandonment still continuing, the venue of the offense

should be laid in the county where the condition of dependency first arose during the continued abandonment.

Indictment for abandonment of child; from Coffee superior court—Judge Parker.    March 10, 1910. ·

Submitted May 3,—Decided June 14, 1910.

*Levi O'Steen,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

HILL, C. J.    Ware was convicted, in the superior court of Coffee county, of a violation of §114 of the Penal Code, as amended by the act of 1907 (Acts 1907, p. 57), in that he "did willfully and voluntarily abandon his child, leaving her in a dependent condition."    The only question to be decided is one of venue.    Was the venue properly laid in Coffee county?    The uncontroverted evidence shows that the defendant left his wife at their home in Coffee county, and went to the State of Florida.    At the time he left home the child was temporarily absent, having been placed by him with an uncle of the child in Jeff Davis county, for the purpose of attending school.    Four days after the father left home the child was brought back into Coffee county to her mother, and the mother and child remained in Coffee county for about two weeks, when they left home and went to the home of the mother's brother in Jeff Davis county, where they were living at the time of the trial. When the father left his wife in Coffee county, according to her testimony, he left with her "plenty of clothes and other necessaries of life for herself and the child as long as they remained in Coffee county;" and she further states that the child "never became dependent on any one while they were in Coffee county," as, during that time, she cared for the child with the money and other property which the father had left with her for the purpose. When the father left home the child was not dependent in Jeff Davis county; for, according to the testimony of the uncle with whom the child was boarding, the father had made arrangements with him for the child's support for five months, and had made proper provision for her while attending school.    It is clear, therefore, that when the father left home to go to Florida, leaving his wife in Coffee county and his child in Jeff Davis county, the child was not in a condition of dependency; and this condition did not arise, if it ever did arise under the evidence, until after the mother took the child from Coffee county to the home of her

brother in Jeff Davis county. Under these facts we think the venue should have been laid in Jeff Davis county. Where a husband voluntarily and wilfully separates from his wife in one county, and during this period of separation the wife, because of such separation, is compelled to leave home and go to another county, and she takes their minor child with her and while living in the latter county the child first becomes dependent, the father is indictable in the latter county for the abandonment of the child (*Bennefield* v. *State,* 80 *Ga.* 107 (4 S. E. 869) ; *Cleveland* v. *State,* ante, 622 (67 S. E. 696) ) ; for in that county the condition of dependency first arises, and the father is still continuing to abandon and desert his child. The wilful desertion of the husband authorized the mother of the child to have the control of it and to take it with her to the place where the exigencies of her condition required her to go after such desertion and during its wilful continuance. For these reasons we think the venue should have been laid in Jeff Davis county.          *Judgment reversed.*