### 3492.    PHELPS *v.* THE STATE.

Abandonment, as a criminal offense, contains two essential ingredients: separation from the child, and failure to supply its needs. The offense is not complete until there is a conjunction of these two ingredients, as mere absence from one's child is not of itself a criminal offense. The crime of abandonment begins and continues as long as there is a failure on the part of the father to perform his parental duty, and consequent dependence of the child. Where it appears that an absent father has for the two years immediately preceding the finding of the accusation against him, failed and refused to provide for his dependent child, the time when the original separation took place is entirely immaterial. The continuing dependency of the child vitalizes the offense, and the fact that the absence, and even the dependency, began more than two years prior to the accusation affords no ground for the interposition of the statute of limitations.

DECIDED NOVEMBER 7, 1911.

Indictment for abandonment of child; from Butts superior court—Judge R. T. Daniel. May 16, 1911.

*H. M. Fletcher,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

RUSSELL, J. The only question involved in this case is whether the offense is barred by the statute of limitations. The defendant in the court below was charged with the offense of abandonment, and claims that he is entitled to an acquittal for the reason that the evidence shows that it has been four or five years since he left his wife and child, or since he furnished the child anything. The wife of the defendant, however, testified that she had repeatedly, within the last two years, asked the defendant to do something for his child, and that within the two years he each time refused her request. A majority of the court think the determination of the point at issue depends upon the nature of the ingredients necessary to constitute the offense of abandonment, and we are of the opinion that abandonment is a continuing offense, at least until the defendant has once been convicted thereof. We hold that the facts of this case distinguish it from the case of *Gay* v. *State,* 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68), and that the ruling in that case is not binding as a precedent. The precise point, and the only point, presented for the decision of the Supreme Court in that case, was whether one who had once been convicted of abandoning his child could be again convicted of abandoning the same child. Whatever else is said in the opinion in a general way, in reasoning as to the nature of the offense of abandonment, can, we respectfully insist, be treated as mere obiter in arguendo. It is not authority. The usual cogent reasoning of the distinguished Justice who wrote the opinion (being beside the question to be decided) does not appeal persuasively to the majority of this court. To say the least of it, it would seem to be bad policy to apply the statute only to the father who might return to his child and attempt to repair, in some degree, the wrong he had done it, and, on the other hand, to reward the heartless father who callously abandoned his offspring to its fate forever.

Moreover, if precedents are to be consulted, we think it is clearly to be inferred from the rulings in *Bennefield* v. *State,* 80 *Ga.* 107 (4 S. E. 869), *Bull* v. *State,* 80 *Ga.* 704 (6 S. E. 178), and *Brown* v. *State,* 122 *Ga.* 568 (50 S. E. 378), as well as the rulings of this court in *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016), *Cleveland* v. *State,* 7 *Ga. App.* 622 (67 S. E. 696), and *Ware* v.

*State,* 7 *Ga. App.* 797 (68 S. E. 443), that abandonment is not only an offense which requires the conjunction of two essential elements, but that it is necessarily a continuing offense, so far at least as the element of dependency is concerned. From a review of the decisions in each of the above-stated cases, we are constrained to believe that it would never do to hold that a father who had left his child in a dependent condition should be allowed to take advantage of his own wrong by pleading the statute of limitations, and setting up that the neglect of his offspring, though flagrant, had continued for such a length of time that the offense was barred by the statute of limitations. A father who wilfully and voluntarily abandons his children is not guilty of any offense merely because he leaves them. If he has them properly maintained and cared for, even if he be absent, he violates no statute law. Certainly, then, the statute of limitations does not begin to run from the time when the father separates himself from his children. *Brown* v. *State,* 122 *Ga.* 570 (50 S. E. 379).

"Abandonment does not mean merely going away from destitute and dependent children, though absence is a necessary element to constitute the crime." Intention is so essentially a part of every crime, and particularly that of abandonment, that the wilfulness and voluntariness which is involved in this section of the code is accentuated where there is, as in the case now before us, evidence of a demand upon the father for the support of his child, and a refusal to comply, and this within two years before the prosecution. As held in *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016), quoting from the language of Chief Justice Bleckley in *Bull* v. *State,* 80 *Ga.* 704 (6 S. E. 178) : "A father who within this State wilfully and voluntarily abandons his child . . and *persists* in the abandonment afterwards, leaving it in a dependent and destitute condition, . . is guilty." He further says: "That a father begins to abandon his child some months before it is born will not excuse him for persisting in the abandonment and failing to furnish it with the necessaries of life. " From this language we think it is clearly to be inferred that the Supreme Court recognizes the act of abandonment as being a continuous act. There is in the *Gay* case no reference to the *Bull* case, and no overruling of the doctrine which clearly runs through it. In the *Brown* case, supra, it appears that the trial court not only refused to charge

that the defendant would not be guilty unless he left his children in a dependent and destitute condition at the time of the abandonment, but that, instead thereof, the court instructed the jury that " if the defendant wilfully and voluntarily abandoned his children, and after said abandonment the children became in a dependent and destitute condition, and the defendant *continued* to wilfully and voluntarily abandon said children, leaving them dependent and destitute, and refused to support them, he would be guilty;" and this charge was approved by the Supreme Court. In reference to the exceptions to it, Justice Lamar said: "The charge of the court was correct."

To our minds it is perfectly clear that abandonment, as a criminal offense, includes two essentials: the voluntary separation of the father from his child (whether he leaves the child or sends it away), and failure to provide for it the support which the law obligates him to give. A father who leaves his children in a dependent condition, though it be for several years, but who, for the period of two years prior to an accusation being preferred against him, cares for their needs, may plead the bar of the statute of limitations; but an absent father, who for two whole years prior to the accusation of abandonment leaves his offspring dependent and in want, so that this condition exists at the very time that the accusation is being preferred, can not, in our judgment, successfully interpose to the prosecution the bar of the statute, or otherwise defend himself.                    *Judgment affirmed.*

POWELL, J., concurring specially. There is a strong appearance of validity in the argument that the case of *Gay* v. *State*, 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. Rep. 68), is controlling here; but I am not so sure that that case and this one are not distinguishable as to be willing to dissent. The opinion of Judge Russell certainly leans toward giving the law a very salutary interpretation, and I think that, wherever a doubt exists as to the meaning of a law, the judge should strive to give it that construction which makes it most effective. The offense of abandonment created by our statute consists of two elements: the desertion, an act of the father; and dependence, a condition of the child. The two must concur before there is any crime. The *Gay* case holds that as to the first element (desertion) the act is not a continuous one, and that when a person is once convicted he can not be tried again until this element oc-

curs again, and. that it can not occur again until the father goes back to his family and leaves anew. The other element, the condition on which the desertion must operate, the state of the child's dependency, is a thing continuous in its nature. If this alone constituted the offense, it would not be barred, so long as it continued to exist.. *Coker* v. *State,* 115 *Ga.* 210 (41 S. E. 684). Since the offense now before us consists of these two diverse elements, the position taken in the opinion in chief—that while a conviction will bar future prosecutions till the element of desertion occurs anew, the statute of limitations does not bar the offense, because one of its elements, the condition.of the child, remains continuous— strikes me with such force that I am not willing to dissent from it.