## 8786. CAMPBELL v. THE STATE.

1. Where the father of an unborn child deserts the mother, and, after the birth of the child, persists in the abandonment, leaving the child in a dependent condition, conviction of the offense defined in section 116 of the Penal Code of 1910 is proper. Bull v. State, 80 Ga. 704 (6 S. E. 178); Moore v. State, 1 Ga. App. 502 (2) (57 S. E. 1016).

2. If the father wilfully and voluntarily abandoned the mother before the birth of his child, and continued the abandonment after the birth of the child, leaving it dependent on the mother or others, the offense was complete. Daniels v. State, 8 Ga. App. 469 (2) (69 S. E. 588).

3. The evidence authorized the conviction of the accused, and the court did not err in overruling the motion for a new trial, based on the general grounds only.

DECIDED JUNE 13, 1917.

Accusation of abandonment of child; from city court of Baxley —Judge Sellers. December 30, 1916.

*S. D. Dell, W. W. Bennett,* for plaintiff in error.

*C. H. Parker, solicitor,* contra.

GEORGE, J. The offense of abandonment, as defined in section 116 of the Penal Code of 1910, consists of two elements,—separation from the child, and failure to supply its needs. The offense is not complete until there is a conjunction of these two essential elements. Mere absence from one's child is not of itself a criminal offense. The crime of abandonment begins and continues as long as there is a failure of the father to perform his parental duties in administering to the needs of the child and the consequent dependence of the child. Compare *Phelps* v. *State,* 10 *Ga. App.* 41 (72 S. E. 524). It is earnestly insisted by able counsel for the plaintiff in error that the verdict of guilty is without evidence to support it, and is therefore contrary to law. The case against the plaintiff in error rests upon the evidence of the mother of the infant. Without cause he abandoned the mother two months before the birth of the child. The child was born on September 20, 1916, and the warrant for his arrest was sworn out on October 2, 1916, or twelve days after the birth of the child. The child possessed no property. It was in good health, and lived from the breast of the mother. Counsel contends that the mother and prosecutrix was too hasty and acted too quickly, and before any need or necessity arose, demanding the attention of the father. He lived in the same community with the mother and the child, and was not requested to supply food or clothing for the child. The trial of the case occurred on November 6, 1916, and while the conduct of the accused subsequent to the filing of the accusation was not a proper matter for the jury, it is significant that he exercised his legal right and failed to make any statement in his behalf. If, after the filing of the accusation, he had administered to the necessities of the child, his contention urged upon this court would be entitled to more consideration. Counsel overlooks the essential and controlling facts in the case. We bring nothing into the world, literally, so far as food, shelter, and cloth-

ing are concerned. The unnamed infant referred to in the indictment was no exception to the rule. It needed food, clothing, and shelter; it had to depend upon its mother for its food, its clothing, and its shelter, because it had no property of its own. Neither good morals nor the laws of this State require that the father should be invited or requested to administer to the needs of his dependent child. The child is, in law, dependent·upon ·the father for its food, shelter, and clothing, and it is the legal duty of the father to provide them. If the child is fed at the mother's breast, and if the mother be abandoned by the father prior to the birth of the child, and if this abandonment of both the mother and the child continue after the birth, the child is abandoned by the father. The fact that the mother supplied the food, shelter, and clothing is no legal defense to an accusation against the father under section 116 of the Penal Code. Under the undisputed facts in this case the jury were authorized to find that the father wilfully and voluntarily abandoned his child; and certainly the child was dependent upon the father for food, clothing, and shelter. This court is not disposed to relieve him from the just condemnation of the law upon the assumption that a child, during the first twelve days of its life, does not require shelter and clothing.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.* ·