### 10618. TOWNS v. THE STATE.

BROYLES, C. J. 1. On the trial of one for the abandonment of his minor child it is not error to exclude testimony offered by the defendant to the effect that his wife, pregnant with her unborn child, abandoned him, despite his entreaties for her to stay and live with him. *Moore* v. *State*, 1 *Ga. App.* 502 (57 S. E. 1016); *Parrish* v. *State*, 10 *Ga. App.* 836 (74 S. E. 445).

2. Where the absent father has for two years immediately preceding the finding of the accusation against him failed and refused to provide for his dependent child, the time when the original separation took place is entirely immaterial. The continuing dependency of the child vitalizes the offense, and the fact that the absence, and even the dependency, began more than two years prior to the accusation affords no ground for the interposition of the statute of limitations. *Phelps* v. *State*, 10 *Ga. App.* 41 (72 S. E. 524); *Campbell* v. *State*, 20 *Ga. App.* 190 (92 S. E. 951).

3. The evidence authorized the conviction of the accused, and the court did not err in overruling the motion for a new trial.

Judgment affirmed. *Luke and Bloodworth, JJ., concur.*
DECIDED OCTOBER 10, 1919.

Accusation of abandoment of child; from city court of Floyd county—Judge Nunnally. April 24, 1919.

*Harris & Harris,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.