Isaac Richardson, d. b. a., *vs.* State of Delaware.

**1.** Constitutional Law—Statute requiring father to support illegitimate child not ex post facto as regards children born prior to enactment.

*Rev. Code* 1915, § 3034, requiring parent to provide for the support of illegitimate children under 16 years of age in destitute circumstances, and making it a misdemeanor to fail to do so, provides no penalty for being the parent of an illegitimate child, but only for failure to support the child when in necessitous circumstances, and applies to children born before its enactment, and it not *ex post facto* as to them.

**2.** Criminal Law—Failure to support illegitimate children continuing offense, against which limitation does not run.

Failure to support an illegitimate child, as required by *Rev. Code* 1915, § 3034, is a continuing offense, and the parent is subject to prosecution at any time during the continuance of the willful neglect, or within two years after the last failure to support it, and prosecution need not be started within two years after the birth of the child.

(*March* 8, 1920.)

Conrad and Heisel, J. J., sitting.
*Franklin Brockson* for Appellant.
*P. Warren Green*, Deputy Atty-Gen., for State.

Court of General Sessions for New Castle County, January Term, 1920.

APPEAL, No. 62, January Term, 1920.

Appeal from Municipal Court of City of Wilmington.

Isaac Richardson was charged on information with willful neglect to provide for the support and maintenance of his illegitimate child. On demurrer to the information. Demurrer overruled.

The case was brought from the Municipal Court for the City of Wilmington on appeal to the Court of General Sessions. The questions raised by the demurrer appear in the opinion of the court.

HEISEL, J., delivering the opinion of the court:

This is a demurrer to an information filed January 12, 1920, wherein it is charged that the defendant on the first day of January, 1918, and on divers other days and times between that day and the day of filing the information, willfully neglected to support his illegitimate child under the age of sixteen years, to wit, nine years of age, being in necessitous circumstances.

The causes of demurrer are:

(1) That the act upon which the information is based is *ex post facto* as to the offense charged, and, therefore, void as to this offense.

(2) That said information was not filed within two years next after the alleged offense was committed.

(3) That the information was not filed within two years next after the birth of said illegitimate child.

In support of his first grounds of demurrer, counsel contends that the act of February 24, 1913, *Rev. Code* 1915, § 3034, under which the information is filed, was not passed until after the child was born, and, because it increases the penalty provided in the law covering bastardy proceeding in force at that time, is therefore *ex post facto* as to this charge.

*Section* 3034 provides:

"* * * Any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his

or her legitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, shall be guilty of a misdemeanor.  *  *  *  It is made the duty of the parent of any illegitimate child or children, under the age of sixteen years, to provide for the support and maintenance of such illegitimate child or children."

*Section* 3034 does not make it unlawful for one to be the parent of an illegitimate child, nor does it provide punishment therefor. It does not repeal, nor is it inconsistent with, the bastardy act. What it does is to impose a duty upon the parent of such child to provide support for it until it arrives at the age of 16 years, and if such child during that time becomes in necessitous circumstances and the parent willfully and without lawful excuse neglects or refuses to provide for its support, such parent is then liable.

This liability accrues, not because of the birth of the child, that is only incidental, but because it is in necessitous circumstances and without support.

While the proof to sustain the charge in the information must necessarily show the defendant to be the father of the child, as claimed by counsel, nevertheless the law provides no penalty for that, as does the bastardy act, nor is this prosecution for the purpose of enforcing such penalty, but as we have already said, to punish for the failure to support the child when in necessitous circumstances.

[1]  We are satisfied the law is not *ex post facto* as to the offense charged in this indictment and that it is immaterial whether the child was born before the passage of the nonsupport act or after, so long as it is under the age of sixteen years and in necessitous circumstances. This is the same conclusion reached by this court in the case of *Bradfield v. State,* 5 *Boyce* 262, 92 *Atl.* 988, which was a trial on information in an appeal under the same law. In that case, it was admitted that the prosecuting witness was the mother of the child, that the child was three years old, was born out of wedlock and was in necessitous circumstances; the court on this point said:

"The act of assembly under which the accused is charged was passed after the child in question was born. This fact is unimportant. The question before you is: Is the accused the father of the child? The parentage of the

Opinion.

child may be determined under the act now invoked. It might have been determined under the bastardy act. But the act under which the accused is being tried does not repeal the bastardy act."

[2]   As to the remaining two causes of demurrer, counsel contends the statute of limitation of this state barring the prosecution of persons for any crime or offense not capital unless indictment is found or information is instituted within two years next after such offense is committed, begins to run from the birth of the child. While his contention would probably be correct if the action was to ascertain the father of the child under the bastardy act, it has no application here, not only for the reasons already stated in considering his first cause of demurrer, but also because the duty to support the child is a continuing duty and the failure to support it is a continuing offense, and the parent will be subject to prosecution at any time during the continuance of the willful neglect to support the child as provided by the statute, or within two years after the last failure to so support it.

The demurrer is overruled.