THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH H. GARRIS, PLAINTIFF IN ERROR.

Argued February 20, 1923—Decided June 7, 1923.

1. To repeal a statute by implication there must be such repugnancy between the provisions of the new law and the old that they cannot stand together; and no such repugnancy exists between act of 1903 and that of 1917, respecting unlawful desertion by a husband or father.

2. A witness cannot be compelled on cross-examination to testify as to statements made to her counsel in course of preparation of a petition for separate maintenance against the defendant, her husband, as this would compel the disclosure of confidential communications between counsel and client.

3. Where the trials of two separate crimes against the same defendant were consolidated, by consent of counsel for the state and defendant, no harm is done to defendant, where separate judgments were pronounced.

4. Where the sentence pronounced by the trial court is not authorized by the statute, the record will be remanded to the trial court to render such judgment as should have been rendered.

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Charles M. Mason.*

For the defendant, *John O. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

SWAYZE, J. The defendant was convicted on two indictments for desertion, tried together. One charges him, as husband of Margaret E. Garris and father of Hamilton Garris, with unlawfully deserting and willfully refusing and neglecting to provide for and maintain the said Margaret and Hamilton, a minor child.

The other indictment charges the defendant, as husband of Margaret Garris and father of Joseph Hamilton Garris, Jr., with unlawfully deserting and willfully refusing and neglecting to provide for and maintain Margaret and Joseph Hamilton Garris, a minor child. These indictments are both drawn under the act of 1903, as amended in 1904. *Comp. Stat.,* p. 1770, § 73a. Neither contains the averments necessary under the act of 1917. *Pamph. L., p.* 110. That statute only reaches the case of a husband and not of a father who willfully neglects or refuses to provide for the support and maintenance of his wife in destitute or necessitous circumstances.

The first point made on behalf of the defendant is that the indictments against him are found under a statute which no longer exists. It is not claimed that the act of 1903 as amended has been expressly repealed. It is said, however, that it is impliedly repealed by the act of 1917. We need not cite authorities to the point that to repeal a statute by implication there must be such a positive repugnancy between the provisions of the new law and the old that they cannot stand together. In the present case the two statutes are very different. One applies to a husband who deserts his wife in destitute or necessitous circumstances or refuses to provide for the support and maintenance of his child or children in destitute or necessitous circumstances. The other applies to husbands or fathers who desert and willfully refuse or neglect to provide for wife or minor child without requiring that they should be in destitute or necessitous circumstances. The punishment differs in the two statutes. This is quite enough to distinguish them and we think the defendant might properly be convicted under the earlier one as he was.

2. It is next said that the court erroneously ruled that there were two separate desertions, one in 1917 and one in 1919. It seems to be thought that desertion is an offence committed once for all instead of being continuous. We see no difficulty in holding that the offence is committed whenever there is an overt act of violation of the statute.

The trial judge charged favorably enough to the defendant. He told the jury that the desertion must be willful, that if

the defendant simply refrained from paying anything on the assumption that negotiations were pending for the adjustment of the amount, that would not be such a desertion or such a neglect to provide as would be criminal; that if a wife refuses to live with her husband, if she refuses to go to a suitable place which he proposes to provide, or to any place which he proposes to provide, that would not constitute desertion; that it was her duty to go with him and make her home with him if he provides for her a suitable home, and that if she refuses to do so it does not constitute desertion on his part because the home does not exactly suit her; but that a man has not a right to refuse to contribute anything for the support of his wife and child; that if the jury found that the defendant failed to provide any support for his wife and child and that none of the other conditions existed which the judge had pointed out then it was their duty to find the defendant guilty.

3. The next alleged error is a refusal to allow the complaining witness (the wife) to be cross-examined as to statements she had made to her counsel in course of preparation of a petition for separate maintenance against the defendant. We see no reason justifying the defendant's counsel in thus attempting to compel the disclosure of confidential communications between counsel and client. *State* v. *Loponio,* 85 *N. J. L.* 357.

The same reasoning applies to the attempt to inquire of counsel whether the complaining witness did not say to him that she got a payment every month of 1917 after July.

4. The fourth error assigned is that the court erroneously excluded the question, "Did you tell the grand jury that your husband had offered you $65 a month?" It is attempted to justify this on the theory that counsel was laying the foundation for contradiction of the witness by calling the clerk of the grand jury; but if he can justify the attempt to prove what was said before the grand jury merely for the purpose of attacking the accuracy of a statement made by one who is a witness only it ought to be clear that the testimony is in conflict. Here there is no conflict between the proposed

proof and the actual testimony, and the ruling was not harmful.

5. It is also urged that there were two separate crimes; but these crimes were not merged; it was only the trials that were consolidated and that was by consent of the state and the defendant's counsel for the convenience of both, and no harm was done to the defendant. Whatever crimes there were remained distinct, and separate judgments were pronounced. This also suffices to dispose of the claim that the earlier indictment was barred by the statute of limitations. There was no bar by the statute of limitations, inasmuch as the statute did not run until the last overt act, and overt acts were committed within two years from the finding of the indictment. *Phelps* v. *State,* 72 *S. E. Rep.* 524; *Richardson* v. *State,* 109 *Atl. Rep.* 124.

6. The complaint that the court erred in refusing to charge that the burden of proof rested upon the state throughout the case and that any doubt that the jury might have must be resolved in favor of the defendant is without substance. Both points were correctly charged. It is not necessary that the exact language of the request should be used.

8. We think it unnecessary to deal more specifically with the other assignments of error and causes for reversal.

9. The complaint made against the sentence is unsubstantial. If the sentence is not authorized the record may be remitted to the Essex Sessions for amendment in accordance with the rule in *State* v. *Huggins,* 84 *N. J. L.* 254. We think the judgment must be reversed on account of this error in sentence and the case be remanded in order that such judgment may be rendered therein as should have been rendered.