## 21881. LOMAX v. THE STATE.

BROYLES, C. J. 1. The assignment of error in the bill of exceptions upon the court's refusal to direct a verdict of not guilty is without merit. Under repeated rulings of the Supreme Court and of this court a refusal to direct a verdict is never error.

2. An objection to evidence on the grounds that it is "irrelevant, immaterial, and inadmissible" is too general to be considered. *Martin* v. *State*, 35 *Ga. App.* 575(2-a) (134 S. E. 185). This ruling disposes of special ground 1 of the motion for a new trial.

3. Special grounds 2, 3, 4, 5, 6, 12, and 13 are merely in elaboration of the general grounds.

4. "The crime of abandonment begins and continues as long as there is a failure on the part of the father to perform his parental duty, and consequent dependence of the child. Where it appears that an absent father has for the two years immediately preceding the finding of the accusation against him, failed and refused to provide for his dependent child, the time when the original separation took place is entirely immaterial. The continuing dependency of the child vitalizes the offense, and the fact that the absence, and even the dependency, began more than two years prior to the accusation affords no ground for the interposition of the statute of limitations." *Phelps* v. *State*, 10 *Ga. App.* 41 (72 S. E. 524) ; *Towns* v. *State*, 24 *Ga. App.* 265(2) (100 S. E. 575). "Abandonment is a continuing offense, at least. until the defendant has once been convicted thereof," and the statute of limitations will not relieve a father who abandoned his child and failed to supply its needs more than two years prior to the date of the accusation, but who before that date temporarily returned to the child and for a time performed his parental duties, but who subsequently and before the finding of the accusation again left the child and thereafter failed to supply its necessities. *Phelps* v. *State*, supra. The principle of this ruling is applicable to the facts of the instant case where the defendant, more than two years before the date of the accusation, abandoned his child in a dependent condition, and, prior to the finding of the accusation, although not physically returning to the child, temporarily and for some time supplied its needs,

but subsequently and before the date of the accusation and thereafter discontinued doing so.

5. Under the foregoing ruling and the facts of the instant case, the verdict of guilty was authorized, and the various excerpts from the charge of the court, complained of in the motion for a new trial, show no harmful error.

6. The remaining special grounds of the motion for a new trial disclose no cause for a reversal of the judgment.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931. REHEARING DENIED JANUARY 1, 1932.

*R. Douglas Feagin,* for plaintiff in error.

*John Y. Roberts, solicitor, Brock, Sparks & Russell,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J. Upon a consideration of the motion for a rehearing, headnote 4 of the decision as originally written has been rewritten to meet a deserved criticism in the motion. In our opinion the other grounds of the motion are without merit.

*Rehearing denied. Luke, J., concurs. Bloodworth, J., absent on account of illness.*