### 25373. CANNON v. THE STATE.

DECIDED APRIL 17, 1936.

*M. G. Hicks, P. N. Jobson,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J. Elmer Cannon was indicted by the grand jury of Fulton County, Georgia, on May 6, 1935, for the offense of abandonment, the indictment charging that he abandoned his three minor children on January 31, 1935. On June 25, 1935, Cannon was convicted in the criminal court of Fulton County of the offense charged. He certioraried his case to the superior court; the judge of that court overruled the certiorari and denied the defendant a new trial, and he excepted. The assignments of error

are (1) that the evidence does not support the verdict, (2) that the evidence fails to show that the offense was committed in Fulton County, Georgia, and (3) that the court erred in failing to charge "what constituted wilful and voluntary abandonment, as provided in § 116 [Code of 1933, § 74-9902] of the Penal Code of Georgia."

It appears from the evidence that while living with his wife and three minor children in the Birmingham District of Fulton County, Georgia, the defendant procured work at Ball Ground, Georgia, on or about September 1, 1935; that while it was the defendant's custom and practice to return to his home in Fulton County on Saturdays, he did not do so on January 31, 1935, because his truck broke down; that on January 31, 1935, the defendant's wife "removed from the Birmingham District in the northern part of Fulton County into the City of Atlanta to reside with her daughter, Miss Bobbie Lee Cannon, because her husband, Elmer Cannon, had not provided food for her and the children during the previous week or ten days, and that it was necessary for her to come to Atlanta to live with her daughter for that reason, and that since coming to Atlanta the three minor children have been in a dependent condition;" that shortly after Mrs. Cannon and said three minor children came to Atlanta and took up their residence with her daughter, the defendant sent his son to Atlanta "for the purpose of inducing her to bring said minor children and live with the defendant at Ball Ground," but that she refused to do so; and that the defendant did not contribute anything to the support of his said minor children from January 31, 1935, to May, 1935, and that during said time said minor children were living in Fulton County, Georgia. One witness testified that within about two or three days from the Saturday the defendant failed to go to his home in Fulton County, because his truck had broken down and he had no means of transportation, the defendant "asked the witness to carry him to his home . . in order that he might supply his wife with food and money, but that upon their arrival at the said home they found the said wife and said minor children were gone and their whereabouts unknown." The defendant stated to the jury that he was earning $1.93 a day at Ball Ground, and that he returned to his home in Fulton County, regularly "to supply his wife and children with food and money"

until he was unable to reach them on about January 31, 1935, due to lack of transportation; that "he did everything in his power to supply them with the necessities of life, until the wife left said District with the children and failed to advise him as to their whereabouts, and that he did not know where they were until about the time the said wife secured an indictment against him in Fulton Superior Court;" that he was unable to keep up two homes, and "was willing and anxious to support said wife and minor children, if they would come to Ball Ground, Georgia;" that "he had previously sent his son  .  .  to Atlanta on two occasions in an effort to induce his wife to bring said minor children to Ball Ground, where he could support them;" and that the daughter to whose home the defendant's wife and children moved had a position with Sears Roebuck & Company which the defendant had secured for her, and was a minor.

"If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor.  .  .  A child thus abandoned by the father shall be considered to be in a dependent condition when the father does not furnish sufficient food and clothing for the needs of the child." Code of 1933, § 74-9902. "There are two elements in the offense of abandonment of child:  (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." *Blackwell* v. *State,* 48 *Ga. App.* 221 (172 S. E. 670); *Brock* v. *State,* 51 *Ga. App.* 414, 418 (180 S. E. 644). "The conduct of the child's mother, or her refusal to live with its father as her husband, is no defense to a prosecution for abandonment of the child. The father must support his child, whether it lives with him or with the mother; and if he desires the custody of the child, he must pursue his remedy to obtain its custody." *Parrish* v. *State,* 10 *Ga. App.* 836 (2) (74 S. E. 445); *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016); *Towns* v. *State,* 24 *Ga. App.* 265 (100 S. E. 575); *Mobley* v. *State,* 41 *Ga. App.* 379 (153 S. E. 202). "The child is, in law, dependent upon the father for its food, shelter, and clothing, and it is the legal duty of the father to provide them.  .  .  The fact that the mother supplied the food, shelter, and clothing is no legal defense to an accusation against the father under section 116 of

the Penal Code [Code of 1933, § 74-9902]." *Campbell* v. *State,* 20 *Ga. App.* 190, 192 (92 S. E. 951). And "the venue of the offense is in the county where the state of the child's dependency upon others began on account of the father's failure to support the child." *Rogers* v. *State,* 27 *Ga. App.* 180 (107 S. E. 889), citing *Cleveland* v. *State,* 7 *Ga. App.* 622 (67 S. E. 696). "The crime of abandonment begins and continues as long as there is a failure on the part of the father to perform his parental duty, and consequent dependence of the child." *Phelps* v. *State,* 10 *Ga. App.* 41 (72 S. E. 524) ; *Towns* v. *State,* 24 *Ga. App.* 265 (2) (100 S. E. 575) ; *Lomax* v. *State,* 44 *Ga. App.* 500 (4) (162 S. E. 395). In the instant case, the jury could fairly assume from the evidence either that the defendant did know of the whereabouts of his children and wife after they had moved from one part of Fulton County to the home of his daughter in Atlanta, or that he was not sufficiently interested in their whereabouts to make any endeavor to locate them, and that he had abandoned them. See in this connection *Fry* v. *State,* 36 *Ga. App.* 312, 314 (136 S. E. 466).

With reference to the assignment of error that the court erred in failing to charge what constituted wilful and voluntary abandonment, the trial judge said in his answer to the petition for certiorari that he "charged the definition of abandonment in the language of the Penal Code of Georgia, and . . there was no request made of him to make an additional charge." We are satisfied that the venue was proved, that the evidence supports the verdict, and that no assignment of error discloses reversible error. We hold that the certiorari was properly overruled.

*Judgment affirmed. Broyles, C. J., and Guerry, J:, concur.*