STATE OF DELAWARE V. JAMES CORDREY.

(*May* 14, 1955.)

RICHARDS, P. J., sitting.

*Donald W. Booker* for the defendant in support of the motion.

*Stephen E. Hamilton, Jr.,* Deputy Attorney-General, for the State.

Superior Court for New Castle County, Information No. 439A, September Term, 1954.

RICHARDS, P. J.:

The defendant contends that there are two Sections of Title 13 of the *Code of* 1953 which provide for the support of illegi-

timate children, namely Section 502 upon which the information is based and Section 1321; that Section 502 is intended to be applied where the issue of paternity is not involved, it having been admitted or support of the illegitimate child having been undertaken; that the issue in this case is the paternity of the illegitimate child and to obtain support for it when the paternity is proven which the Legislature intended to provide for in Section 1321.

██ Paternity is always an issue in a case of non-support of an illegitimate child. Sections 502 and 1321 both provide for the support of illegitimate children. There is no express language in either of these Sections indicating the type of cases to which they were intended to apply. Proceedings under Section 1321 are often referred to as bastardy proceedings but there is nothing in the statute to indicate that it is limited to proceedings of that nature. Likewise, there is no express language in Section 502 which indicates that it applies exclusively to certain types of cases. The first part of this section refers to "any husband who, without just cause, deserts or wilfully negelects or refuses to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any parent who, without lawful excuse, deserts or wilfully neglects his or her legitimate or illegitimate child", but this is followed by language which clearly indicates that it applies to any parent who fails to provide for the support and maintenance of his or her legitimate or illegitimate child or children. In the case of *Richardson v. State*, 7 *Boyce* 534, 109 *A.* 124, the defendant was charged in the information with wilfully neglecting to provide for the support and maintenance of his illegitimate child. The information was based upon Sec. 3034 of the *Code of* 1915 the language of which is similar to the language of Title 13, Section 502 of the *Code of* 1953 upon which the information in this case is based. There was no contention that the Section did not apply to that case.

I am convinced that Title 13, Section 502 of the *Code of* 1953, is sufficiently broad to cover the charge made in this indictment.

The prosecution in this case having been commenced 3½ years after the birth of the child, the defendant contends that it is barred by the statute of limitations because it was not instituted within two years next after the commission of the offense. There is no doubt that the statute of limitations being Title 11, Section 2902 of the *Code of* 1953 provides that no person shall be prosecuted, tried or punished, for any non-capital offense unless the indictment is found or the information instituted within two years next after the offense is committed. The defendant in this case, however, is charged with non-support which the law recognizes as a continuing crime. In crimes of this nature, the statute does not begin to run from the occurrence of the initial act, which may in itself embody all the elements of the crime, but from the occurrence of the most recent act. The duty to support the child is a continuing duty and the failure to support it is a continuing offense, and the parent will be subject to prosecution at any time during the continuance of the wilful neglect to support the child as provided by the statute. *Richardson v. State*, 7 *Boyce* 534, 109 *A.* 124; *Donaghy v. State*, 6 *Boyce* 467, 100 *A.* 696; *In re Alexander*, 3 *Terry* 461, 36 *A.* 2d 361; *State v. Nixon*, 4 *Terry* 250, 45 *A.* 2d 538. The offense charged in the indictment is not barred by the statute of limitations.

Whether or not the minor illegitimate child is in necessitous circumstances, as charged in the information, is a matter of proof and it is incumbent upon the State to prove beyond a reasonable doubt that he was in necessitous circumstances at the time of the commission of the act.

What constitutes necessitous circumstances varies depending upon the circumstances of the parents involved and the facts of each particular case. *Donaghy v. State, supra; In re Alexander, supra.* I am not required to consider that question in this case.

The motion of the defendant is dismissed.