State Of West Virginia

v.

Leonard Wiseman

(No. 10772)

Submitted April 18, 1956.          Decided May 22, 1956.

*Horace S. Meldahl,* for plaintiff in error.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr.,* Assistant Attorney General, for defendant in error.

Riley, Judge:

At the January, 1953, term of the Circuit Court of Boone County, Leonard Wiseman was indicted for the nonsupport of his wife and two children, under the provisions of Code, 48-8-1, as amended. There was a trial by jury, during which an effort was made to reconcile the husband and wife, resulting in the withdrawal of a juror and a mistrial, which were acquiesced in by counsel for the defendant. Another trial having been had on April 29, 1955, the jury rendered a verdict of guilty, and the defendant, in lieu of any other penalty, was required

to pay to his wife, Lenora Wiseman, for the support of herself and children the sum of one hundred dollars a month, the first payment to be made on May 15, 1955, and payments of one hundred dollars a month on the 15th day of each and every month thereafter until the youngest child reaches the age of sixteen years, and then such payments shall be made and continued for the support of defendant's wife, Lenora Wiseman.

At the second trial the defendant moved to quash the indictment on the grounds that: (a) The defendant could not properly be tried on April 29, 1955, upon an indictment returned January 26, 1953, where the separation had occurred in July, 1951, and more than three terms of court had passed without trial; (b) the defendant was denied a speedy trial, as required by Section 17, Article III of the Constitution of West Virginia; (c) that it was error to withdraw a juror and declare a mistrial at the first trial, and not dismiss the indictment; and (d) after the jury had been sworn at the first trial, it was error to withdraw a juror in an effort to bring about a reconciliation, and constituted double jeopardy subsequently to try the defendant upon the same indictment. The trial court denied the foregoing motion, and the defendant entered a plea of not guilty.

At the second trial, at which defendant was convicted, the trial court gave a number of instructions on behalf of the State, among which was State's instruction No. 1, to the giving of which defendant's counsel objected and stated reasons for his objection.

The indictment charges that the defendant, Leonard Wiseman, within one year next prior to the date of the finding of the indictment by the County of Boone "did without just cause, unlawfully desert and wilfully neglect and refuse to provide for the support and maintenance of his wife, Lenora Wiseman, in destitute and necessitous circumstances, against the peace and dignity of the State." And in the second count it was charged that the defendant, Leonard Wiseman, "within one year next

prior to the date of finding of this indictment, in said County of Boone, did, without lawful excuse, unlawfully desert and wilfully neglect to provide for the support and maintenance of his legitimate children, Gary Wiseman, and Jimmy Wiseman, under the age of sixteen years, to-wit: of the age of five (5) years and fifteen (15) months, respectively, in destitute and necessitous circumstances, against the peace and dignity of the State."

The grounds in support of the motion to quash the indictment are without merit.

Code, 62-3-21, setting forth the requirement that a person charged with a felony must be tried within three terms of court of the time when the indictment against him was returned, has no application to misdemeanor cases, and even if the statute does apply to misdemeanors, the defendant has waived his right to be tried within three terms of court by consenting to a delay in bringing about his trial. *Ex Parte:Hollandsworth* v. *A. M. Godby, Jailor,* 93 W. Va. 543, 117 S. E. 369; *State* v. *Underwood,* 130 W. Va. 166, 43 S. E. 2d 61; 14 Am. Jur., 858, Criminal Law, Sections 134 and 135; *Vance* v. *Commonwealth,* 2 Va. Cases (4 Va.) 162; *Commonwealth* v. *Adcock,* 8 Gratt. (49 Va.) 661; *State* v. *Strauder,* 11 W. Va. 745 (*Strauder* v. *State of West Virginia,* 100 U. S. 303, 25 L. ed. 664) ; and *State* v. *Kellison,* 56 W. Va. 690, 47 S. E. 166.

Addressing ourselves further to ground (a) in support of the motion to quash the indictment, we simply hold that the one-year statute of limitations on misdemeanors applies to the period between the date of the offense and the date of the indictment, and not between the date of the indictment and the date of the trial. And as the offense charged is a continuing one, it is immaterial that the desertion and nonsupport began more than a year before the date of the indictment, if the continued desertion and nonsupport exist within one year previous to the date the indictment was returned. In this respect the case of *State* v. *James White Rector, Jr.,*

130 W. Va. 316, 43 S. E. 2d 821, is to be distinguished. *State* v. *Dry Fork Railroad Co.*, 50 W. Va. 235, 40 S. E. 447; *Phelps* v. *State*, 10 Ga. App. 41, 72 S. E. 524; *Towns* v. *State*, 24 Ga. App. 265, 100 S. E. 575; *Lomax* v. *State* 44 Ga. App. 500, 162 S. E. 395; *State* v. *Cool*, 66 W. Va. 86, 66 S. E. 740; *State* v. *Baker*, 101 W. Va. 617, 133 S. E. 333.

That the defendant was denied a speedy trial, as required by Section 17, Article III of the Constitution of West Virginia, is without substantial merit. In view of defendant's absence from the jurisdiction, and the acquiescence of defendant's counsel, this constitutional provision was not violated.

The defendant did not file a plea of having been twice placed in jeopardy for the same offense, and defendant whether he filed a plea of jeopardy, or not, was not placed in jeopardy because on the occasion of the mistrial his counsel acquiesced therein. In point 1 of *State* v. *Shelton*, 116 W. Va. 75, 178 S. E. 633, this Court held: "In the trial of a criminal case the trial court, acting under Code, 62-3-7, may, for manifest necessity, discharge the jury and order a new trial. Such action will not afford basis for a plea of former jeopardy."

However, we are of opinion that the trial court erred in giving State's instruction No. 1, which reads: "The Court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant, Leonard Wiseman, wilfully neglected or refused to provide for the support and maintenance of his two infant children under the ages of 16 years, in destitute and necessitous circumstances, then the jury may find the defendant guilty as charged in the second count of the indictment, even though the jury may further believe that the defendant is not guilty of deserting or wilfully neglecting or refusing to provide for the support and maintenance of Lenora Wiseman, his wife." It is to be noted that this instruction does not contain the statutory words "without lawful excuse, desert or wil-

fully neglect or refuse". Code, 48-8-1, as amended, reads in part: "Any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife, in destitute and necessitous circumstances, or any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute and necessitous circumstances, shall be guilty of a misdemeanor, * * *."

We perceive no other error in this record; and for the foregoing reasons the judgment of the Circuit Court of Boone County is reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*