THE STATE OF NEW JERSEY, PLAINTIFF, v. LOUIS
HARDT, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)

Decided August 13, 1957.

*Mr. Isidore Dworkin,* Assistant Prosecutor, attorney for
the State.

*Mr. Maurice B. McLaughlin,* attorney for the defendant.

DUFFY, J. C. C. The grand jury of Hudson County returned Indictment No. 74–56 against Louis Hardt charging him with the desertion of his wife and three minor children on April 12, 1956, in violation of *N. J. S. 2A*:100–1 and 2. Defendant now moves to dismiss the indictment on the ground that it subjects him to double jeopardy in contravention of *Article* I, *paragraph* 11 of the *Constitution of 1947*, which safeguards a person, after conviction, against trial for the same offense. He maintains that his trial, conviction and sentence on April 16, 1957 before a Jersey City Municipal Court were predicated upon the same facts and circumstances that form the subject matter of the indictment under review.

The record shows that one Ambrose Coleman, acting at the behest of defendant's wife and as agent for the Jersey City Welfare Department, on April 12, 1956 filed a complaint in the Jersey City Municipal Court charging defendant with violation of the Disorderly Persons Act (*N. J. S. 2A*:170–4), in that he did abandon his wife and three minor children on the blank day (date not specified) of March 1956. Defendant absconded and took haven in Bergen County, New Jersey, where he avoided arrest until April 1957.

On June 6, 1956 defendant's wife filed a formal complaint in the Jersey City Municipal Court charging that defendant on April 12, 1956 willfully neglected to provide for the support and maintenance of herself and the three minor children, all being then in necessitous circumstances, in violation of *N. J. S. 2A*:100–2. The complaint was referred to the Hudson County grand jury which returned the indictment *sub judice* against the defendant in October 1956. As stated earlier, the indictment charges the defendant with the desertion of his wife and three minor children *on April 12, 1956* in violation of *N. J. S. 2A*:100–1 and 2.

Upon his arrest in Bergen County in April 1957, Hardt was remanded to the Jersey City Municipal Court to answer the charge under the disorderly person complaint proffered against him by Ambrose Coleman, alleging defendant's abandonment of his family in *March 1956*. After trial and

conviction, defendant was sentenced on April 16, 1957 to a term of six months in the Hudson County Jail.

In his challenge to the indictment *sub judice* defendant contends that the desertion statute and the abandonment (disorderly person) statute cover the same offense in that it involves the same victims (wife and minor children), who concededly occupied and continued to occupy a neglected state during the short period covered by the two complaints, *viz.*, an undated time in March and on April 12, both in 1956. He therefore argues that the charges are duplicitous and violative of his constitutional rights against double jeopardy inasmuch as the same evidence would be repeated to convict him of the second offense charged against him in the indictment.

This argument is answered in 16 *C. J.* 268, *par.* 447:

"A conviction or an acquittal of a husband for the desertion of his wife is a bar to a subsequent prosecution for the same continuing desertion but not for a new offense arising *after* the first prosecution. * * * A man's neglect to provide for his family during a period of time not covered by a former conviction is a distinct offense to which the plea of autrefois convict predicated upon the prior conviction is not good." See, also, 22 *C. J. S. Criminal Law* § 281.

*People ex rel. Lichtenstein v. Hodgson,* 126 *N. Y.* 647, affirmed 59 *Hun.* 615, 12 *N. Y. S.* 699 (*Sup. Ct.* 1891); *State v. Cordrey,* 10 *Terry* 281, 49 *Del.* 281, 114 *A. 2d* 805 (*Del. Super. Ct.* 1955).

In my research for New Jersey cases I find only the following pertinent remarks by Mr. Justice Swayze in *State v. Garris,* 98 *N. J. L.* 608 (*Sup. Ct.* 1923):

"It is next said that the court erroneously ruled that there were two separate desertions, one in 1917 and one in 1919. It seems to be thought that desertion is an offense committed once for all instead of being continuous. We see no difficulty in holding that the offense is committed whenever there is an overt act in violation of the statute."

A "continuing offense" is defined in *State v. Hinson,* 209 *N. C.* 187, 183 *S. E.* 397 (*Sup. Ct.* 1936), as "a transaction

or a series of acts set on foot by a single impulse and operated by an unintermittent force, no matter how long a time it may occupy. *Crim. Pleading,* 474. It is an offense which continues day by day." In *Hinson* the court concluded that a prior conviction for abandonment and nonsupport of an infant child did not bar a subsequent prosecution for the same offense, since it is a "continuing offense" within the statute.

The same state court reached the same conclusion in *State v. Jones,* 201 *N. C.* 424; 160 *S. E.* 468 (*Sup. Ct.* 1931) where, in a desertion case, in rejecting defendant's plea of double jeopardy, the court stated:

"It would be a plain evasion of the legislative intent to hold that by suffering the penal consequences of a single violation of the statute the defendant could consign his destitute children to the embrace of charity and thus absolve himself from liability to further prosecution."

Defendant's motion to dismiss the present indictment must be denied.

I will sign an appropriate order.