### 5349.　GOFFE v. THE STATE.

RUSSELL, C. J. 1. Even if this court has jurisdiction in any case to entertain an assignment of error upon the refusal of the trial judge to approve the grounds of a motion for new trial, such an assignment of error can in no event be considered in the absence of a recital in the bill of exceptions, certified to by the trial judge, that the grounds which he refused to approve are true.

2. Whether or not there is any remedy to correct an erroneous refusal to approve a ground in a motion for a new trial is not decided. The decisions, cited by counsel for the plaintiff in error, in *Central R. Co.* v. *Miller,* 91 *Ga.* 83 (16 S. E. 256), *Conwell* v. *McWhorter,* 93 *Ga.* 254 (19 S. E. 254), and *Echols* v. *Candler,* 108 *Ga.* 785 (33 S. E. 811), are not in point, these decisions ruling merely that the Supreme Court has no jurisdiction to compel by mandamus the approval of a motion for a new trial.

3. The evidence authorized the verdict. Under the provision of section 116

of the Penal Code, it is not necessary that it be proved that the abandoned child is in a destitute condition; and one may be guilty of abandonment, under the terms of the foregoing section, if it be established that he failed to provide for his offspring, although the children may have continued to occupy the same dwelling-house as the father.

*Judgment affirmed.*

DECIDED JANUARY 20, 1914.

. Accusation of abandonment of child; from city court of Reidsville—Judge Collins. September 22, 1913.

*Way & Burkhalter,* for plaintiff in error.
*Robert E. DeLoach, solicitor,* contra.