## 20407. MOBLEY v. THE STATE.

BLOODWORTH, J. 1. The first special ground of the motion for a new trial alleges that the court erred in incorporating in a part of its charge the following sentence: "If the father is not satisfied, he may go to court to determine the custody thereof." This statement seems to have been incorporated in the charge without rhyme or reason. When read in connection with the context it is not "an expression of the court as to the guilt of the defendant," nor did it tend "to destroy the presumption of innocence which rests with him as a matter of law." Leaving out of the extract the sentence to which objection was made, it is a correct statement of law and is as follows: "It is immaterial what the relations between the father and the mother of the child are. It is entitled to support. In other words, the conduct of the father and the mother does not affect the rights of the child to maintenance and support." Surely this inaccuracy in the phraseology could not have led the jury into error.

2. The excerpts from the charge of which complaint is made in special grounds 2 and 3 of the motion, each having covered generally the contention of the defendant, if fuller instructions were desired, a proper and legal request for them should have been made in writing before the jury retired to consider their verdict. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State*, 152 *Ga.* 252 (109 S. E. 502), and cit. "Where the judge gives in charge to the jury the general principles of law applicable to the issues in the case, a party who desires more specific and concrete instructions as to one of his contentions should make a request therefor in writing." *Charleston & Western C. R. Co.* v. *Duckworth*, 7 *Ga. App.* 350 (3) (66 S. E. 1018).

3. Ground 4 of the motion alleges that "The court erred in failing and refusing or omitting to give in charge to the jury trying said case a rule of law by which to be guided in determining if the child in question was the child in legal contemplation of the defendant." This is too general for consideration. There was no request for instructions, and no rule of law is suggested which is applicable and which would guide the jury in determining the question at issue. See *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440). As to the assignment on the charge in this ground, see the preceding paragraph and cases cited.

4. There is no merit in special ground 5 of the motion. The instructions given the jury clearly showed that "the abandonment which is penalized by the law is the voluntary abandonment."

5. In the absence of a proper written request, made before the jury retired to consider their verdict, that the court give in charge "the law defining void marriages," etc., there is no merit in ground 6 of the motion.

6. There is evidence to support the verdict, which is approved by the judge who tried the case, and no error was committed when the motion for a new trial was overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1930.

*Slater, Moore, Oberry & Wheless,* for plaintiff in error.
*John S. Gibson, solicitor, Quincey & Quincey,* contra.