### 35940. HUNT v. THE STATE.

CARLISLE, J. 1. If after having lawfully left his children they become dependent, and the absent father then voluntarily and wilfully fails to support them, he violates the provisions of Code (Ann. Supp.) § 74-9902. *Brown* v. *State,* 122 *Ga.* 568 (2) (50 S. E. 378); *Cleveland* v. *State,* 7 *Ga. App.* 622 (67 S. E. 696); *Phelps* v. *State,* 10 *Ga. App.* 41 (72 S. E. 524); *Sikes* v. *State,* 37 *Ga. App.* 164 (139 S. E. 87).

2. " 'The conduct of the child's mother, or her refusal to live with its father as her husband, is no defense to a prosecution for abandonment of the child. The father must support his child, whether it lives with him or with the mother; and if he desires the custody of the child, he must pursue his remedy to obtain its custody.' *Parrish* v. *State,* 10 *Ga. App.* 836 (2) (74 S. E. 445); *Moore* v. *State,* 1 *Ga. App.* 502 (57 S. E. 1016); *Towns* v. *State,* 24 *Ga. App.* 265 (100 S. E. 575); *Mobley* v. *State,* 41 *Ga. App.* 379 (153 S. E. 202)." *Cannon* v. *State,* 53 *Ga. App.* 264 (185 S. E. 364).

3. Under an application of the foregoing principles of law to the facts of the present case the State made out a case of abandonment which is not refuted by the evidence or the defendant's statement. While it appears that the defendant was unable to support the children during the period of time he was hospitalized for tuberculosis, which was from some time during the year 1952 to May 1954, and that he was unable to support them during his six-months rehabilitation period, and that his wife left him and had never lived with him since he went to the hospital, and that she took the children to Florida and remained there with them for a period of some five months, it appears without contradiction that the defendant did not support the children after the wife brought them back to Georgia in March of 1955 up to the time of the trial in July 1955. The only defense offered by the defendant was the conduct of his wife in refusing to live with him and to accept his offer of $6 a week for the children. The evidence, consequently, authorized the verdict, if it did not demand it. See in this connection, *Heard* v. *State,* 79 *Ga. App.* 601, 604 (54 S. E. 2d 495).

4. In view of what has been said in the foregoing divisions of this opinion there was no error in any of the rulings complained of in the special grounds of the motion for a new trial. The charge was full and fair to the defendant, and the excerpts complained of were not error, nor did the court err in refusing to charge as requested.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 1, 1955.

*James W. Head,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Assistant Solicitors-General,* contra.