37714. WATERS *v.* THE STATE.

TOWNSEND, Judge. 1. "If the father can not properly provide for his child at the place where the mother lives, or if she should keep it at some other place, or if he desires the personal care of the child, he may himself obtain the custody of the child (if he be a more suitable person to be entrusted with its custody than its mother), but the child must be supported by its father, whether its mother has its custody or not. It is true that the abandonment which is penalized by law is voluntary abandonment, and it must appear that the father willingly withholds support from the child, but support and custody are not necessarily concomitants. The

father must support the child whether it lives with him or not." *Parrish* v. *State*, 10 *Ga. App.* 836, 838 (74 S. E. 445). See also *Hunt* v. *State*, 93 *Ga. App.* 84 (91 S. E. 2d 133).

2. On the trial of a criminal case the jury may accept or reject any part of the defendant's statement uncorroborated by other evidence as it may desire. *Oppenheim* v. *State*, 12 *Ga. App.* 480 (2) (77 S. E. 652). Code § 38-415.

3. The statement of this defendant on trial for the offense of abandonment of his minor child would, had the jury chosen to believe it, have established a complete defense. Disregarding such statement, however, the uncontradicted evidence showed the following: the prosecutrix and the defendant had been divorced for about a year and apparently no provision was made by the divorce decree for custody of their son who was about 16 years of age at the time; the boy elected to live with his mother; the mother fed and clothed him, sent him to school, and provided him with pocket money; the defendant gave the boy an overcoat for Christmas, arranged for him to have a charge account at a local restaurant which he used on occasion, and "occasionally he has given him a dollar along, spending money, but he hasn't contributed anything to his support." The primary obligation to support a child until it reaches majority remains, as it did at common law, upon the father. *Logue* v. *State*, 94 *Ga. App.* 777 (96 S. E. 2d 209). The defendant in this case did, by providing the charge account at the restaurant, assure that his son would have food. However, Code (Ann.) § 74-9902 provides that the child shall be considered to be in a dependent condition "when the father or mother charged with the offense does not furnish sufficient food and clothing for the needs of the child." Clothing, as well as food, must be furnished, and it appears from the evidence that, except for the present of a coat, the mother clothed the boy during the year of separation. No doubt the defendant would have liked for his son to return to his own home and would have furnished him clothing and shelter had he done so; perhaps, the boy being a minor, the defendant had a right to his custody which he could have enforced if he had so desired. The father, however, did not insist on the legal right to custody, if he had such right, but allowed the boy to live with his mother and then, when this action was brought, attempted to defend on the ground that he was willing and able to provide for the minor in his own

home, he having subsequently remarried, as well as on the grounds that he was partially supporting the boy by providing him with a place to eat away from the mother's table, and on the further ground that he was unable to contribute more. The first issue constituted no defense to the action, and the other two, being questions solely addressed to the discretion of the jury, have been decided adversely to him. It was accordingly not error to deny the motion for new trial on the general grounds only.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 9, 1959—REHEARING DENIED JUNE 24, 1959.

*Lawson E. Thompson*, for plaintiff in error.
*J. Cecil Davis, Solicitor-General, Walton Hardin*, contra.