## 51092. WILLIAMSON v. THE STATE.

EVANS, Judge.

The defendant was charged and convicted for the abandonment of his minor children. Appeal was duly taken to this court.

The crucial question presented to this court is whether the defendant's conviction is sustainable, the following pertinent facts being necessary to a determination of this issue: The defendant and his wife, the prosecuting witness, were divorced on April 5, 1974. The parties entered into a contract of settlement which contract was incorporated in and made a part of the final divorce decree. The decree provided that: "The wife accepts the full and complete responsibility for the support, education and maintenance of the minor children so long as they elect to remain in her custody and control." No effort was made to obtain any support from the defendant father prior to his being charged with abandonment. *Held:*

1. Code § 74-105 makes it the duty of the father to

provide for the maintenance, protection and education of his child. Neither the wife nor the civil courts can take away this right that inheres expressly in the children. Specifically, the wife can not contract away the right of the children to be supported by their father.

2. Presiding Judge Pannell and Judge Marshall specially concur in this case, based on prior decisions, or what we know as "stare decisis." These prior decisions, as the Supreme Court of Georgia suggests, should be disregarded when any prior decision tends to get in the way of "justice." See *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839), written by Justice Hill, and particularly the language at bottom of page 631 and top of page 632. Stability must give way to justice, so says Justice Hill, and of course justice here is on the side of the children under Code § 74-105. It would not be "justice" to allow the mother or the courts to waive the important right of the children to be supported by their father.

3. In Georgia, a father is duty-bound and by law he is bound to support his child irrespective of whether the child owns property or has money sufficient to support himself and irrespective of whether the mother may have an estate that is ample to support the child, and irrespective of any agreement the mother may make as to such support. If the father does not comply with that duty imposed upon him by law, then this is *intentional and wilful,* voluntary abandonment as provided for in Code Ann. § 74-9902. See *Hines & Bryan v. Mullins,* 25 Ga. 696 (1); *Barrow v. State,* 87 Ga. App. 572 (74 SE2d 467); *Hunt v. State,* 93 Ga. App. 84 (1) (91 SE2d 133); *Waters v. State,* 99 Ga. App. 727, 728 (3) (109 SE2d 847).

4. In this case, the parties were divorced on April 5, 1974, and at that time, certain provisions were made for the *wife's support.* Nothing was paid for the support of the children. Almost four months elapsed and still the father had not paid one cent toward the support of the children, nor had he provided them with any of the articles usually regarded as necessities of life. The mother prosecuted him for voluntary abandonment of his children during that period between the date of the divorce and the 21st day of July, 1974, which was a period of almost four months.

It is the law of this state that a person intends the

308

consequences of his voluntary acts. See Code § 26-604. On the question of the father's being bound to support his own children regardless of the child's circumstances and the mother's circumstances, see *Hines & Bryan v. Mullins,* 25 Ga. 696 (1), supra; *Barrow v. State,* 87 Ga. App. 572, supra; *Waters v. State,* 99 Ga. App. 727 (1, 3), supra.

5. The real question in this case is whether the husband can rely upon an agreement by the wife to relieve him of supporting his children—and then fail to support them—and use that as justification for his failure when he is prosecuted for abandonment of his children. The law is squarely against him on this point. Nor can he successfully urge that there was no "intentional and voluntary abandonment" simply because the mother of the children has,—contrary to law—told him she would not require him to support them. He is presumed to know the law and it will be presumed he knew she had no legal right to make any such agreement that would be binding on their minor children. Of course, if a jury had found there was *no intentional and voluntary abandonment,* the jury would have been acting within its rights. But the jury found to the contrary—that there was a voluntary and intentional abandonment, and that the agreement of the wife did not furnish the father any excuse whatever.

6. The jury heard all of the evidence. The evidence supports the verdict in this case.

*Judgment affirmed. Deen, P. J., and Webb, J., concur. Pannell, P. J., and Marshall, J., concur specially. Bell, C. J., Quillian, Clark and Stolz, JJ., dissent.*

ARGUED SEPTEMBER 4, 1975 — DECIDED MARCH 18, 1976 — REHEARING DENIED APRIL 2, 1976 —

*Melton, McKenna & House, Andrew W. McKenna,* for appellant.

*Clarence H. Clay, Jr., Solicitor, John R. Sikes, James M. Wootan, Assistant Solicitors,* for appellee.

PANNELL, Presiding Judge, concurring specially.

The divorce and alimony agreement made the judgment of the court in the divorce action, relieving the

father of the obligation to support his children and placing that burden solely upon the mother is void (*Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859)), and may be attacked in any proceeding. Code § 110-709.

The evidence was sufficient to show threats and coercion to secure the signature of the wife to the void agreement in an attempt on the part of the defendant to avoid the obligation placed upon him by law of supporting his children. This is sufficient to constitute a wilful abandonment, whether or not the wife sought supportive funds for the children prior to instituting the present prosecution. The jury had all the evidence before it and had before it for consideration the agreement and divorce decree with a proper charge of the court. Their verdict was authorized, in my opinion, and the judgment should be affirmed.

I am authorized to state that Judge Marshall joins in this special concurrence.

QUILLIAN, Judge, dissenting.

In the case sub judice there is a divorce decree on which no attack has been made and which provides clearly that complete responsibility for support of the children rests upon the mother and not the father. That being true, the prerequisites of Code Ann. § 74-9902 (Ga. L. 1965, p. 197; 1967, pp. 453, 454; 1973, pp. 697, 699) (mandating a wilful and voluntary abandonment) were not met; the defendant lacked the necessary criminal intent and could not be convicted for the offense of abandonment of his minor children.

I can find no reason in logic or law for finding a person in criminal contempt for following the valid, subsisting decree of a court of competent jurisdiction. Therefore, I dissent.

I am authorized to state that Chief Judge Bell and Judges Clark and Stolz concur in this dissent.