## 52019. O'NEAL v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried and convicted for two violations of the Georgia Controlled Substances Act, namely two separate sales of cocaine to an undercover agent. He was sentenced to five years on each count, to be served concurrently. Following the denial of his motion for a new trial on the general grounds, appellant brought this appeal enumerating two errors. *Held:*

1. In his first enumeration appellant complains his right of cross examination was improperly curtailed. He

sought to attack the credibility of the two police witnesses by showing bias or fabrication, in that there was authority for the payment of a monetary reward to persons bringing about the apprehension of drug pushers. Both officers testified that they had never received such payments. The first testified without limitation on this subject. The second officer after stating he had not received any such monetary reward, then stated he knew that informers may be paid, but did not know how much. At this point an objection was made and sustained based upon a lack of relevancy.

While there was an informer involved in the case, he was not called as a witness. Other evidence reflected that the second officer had only seen the informer momentarily and did not otherwise know the informer.

The scope of cross examination rests largely within the discretion of the trial judge. *Franklin v. State,* 136 Ga. App. 47, 50 (220 SE2d 60). See also *Davis v. State,* 230 Ga. 902, 904 (3) (199 SE2d 779); *Hunsinger v. State,* 225 Ga. 426, 428 (169 SE2d 286); *Sullivan v. State,* 222 Ga. 691 (2) (152 SE2d 382). Under the circumstances, the trial court did not place an unreasonable restriction on defense counsel's cross examination of the state's detective witness by curtailing the line of inquiry. *Proctor v. State,* 235 Ga. 720, 726 (221 SE2d 556). This enumeration is without merit.

2. In Enumeration 2, appellant asserts the evidence was insufficient to sustain the verdict of guilty. Without detailing the evidence, the state's witnesses established that on the two days in question, a police officer purchased a small quantity of cocaine directly from appellant, taking the cocaine from appellant's hand and giving appellant cash payment for the purchase. The witness making the purchase was unequivocal in his identification of the appellant.

On the other hand appellant denied making the sales and even being at the house (his mother's) when the sales took place. He called several witnesses who placed him elsewhere and as not being present at home on the two days in question.

Accepting the state's evidence, the verdict and judgment were authorized by the direct evidence of the

police agent-purchaser, plus the corroborating evidence introduced. The jury was authorized to believe that testimony rather than that offered by the appellant. *Mathis v. State,* 136 Ga. App. 701 (222 SE2d 647); *Burns v. State,* 135 Ga. App. 842 (219 SE2d 487).

After a verdict, approved by the trial court, the evidence must be construed by this court in the light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. *Green v. State,* 123 Ga. App. 286, 287 (180 SE2d 564). See also *Jackson v. State,* 129 Ga. App. 901 (201 SE2d 816). This enumeration is without merit.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED APRIL 28, 1976.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.