## 52038. WAITES v. THE STATE.

WEBB, Judge.

Waites was found guilty of abandonment of an unborn child in violation of Code Ann. § 74-9902. One enumeration of error on his appeal is that "the verdict is contrary to law and the principles of justice and equity." It certainly was not contrary to "the principles of justice and equity." Waites contends, however, that under the provisions of that Code section a father cannot abandon his child prior to its birth, and we reluctantly agree.[1]

Even though parents are under a legal as well as a moral duty to support, maintain, and care for their minor children, there is nothing in the language of Code Ann. § 74-9902 that refers to the abandonment of an unborn child. That statute provides "If any father or mother shall wilfully and voluntarily abandon his or her child, either legitimate or illegitimate, *leaving it in a dependent condition,* he or she, as the case may be, shall be guilty of a misdemeanor . . . A child thus abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged with the offense does

---

[1]The state filed no brief and made no appearance for oral argument before this court.

not furnish sufficient food, clothing or shelter for the needs of the child." (Emphasis supplied.)

Thus, " 'There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense.' [Cits.]" *Fairbanks v. State,* 105 Ga. App. 27, 29 (123 SE2d 319).

Even though the act of abandonment may be begun before the birth of the child, the offense of abandonment is not completed unless the act is continued after the child is born. *Bull v. State,* 80 Ga. 704 (6 SE 178). Mrs. Waite's proper remedy was to seek a warrant for abandonment of wife while pregnant (Code Ann. § 74-9903), but since abandonment of child is a continuing offense further prosecution is not barred. The proper venue for such prosecution "is in the county where the minor child first becomes dependent upon persons other than the parent for support . . . regardless of where the abandonment (desertion) may have had its beginning . . ." *Fairbanks v. State,* 105 Ga. App. 27, 30, supra, and cits.

The trial court erred in denying the father's motion for directed verdict.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 13, 1976 — DECIDED APRIL 29, 1976.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*J. Edward Slaton, Solicitor,* for appellee.