### 52262. BROWNING v. THE STATE.

McMurray, Judge.

Defendant was convicted of abandonment of his minor children. He was sentenced to serve 12 months on probation and make restitution of $40.00 per month as child support. Defendant appeals. *Held:*

1. The first contention is that the court failed to charge the jury that the elements of abandonment are desertion and dependency. The court did charge that if any father or mother wilfully and voluntarily abandoned his or her child, legitimate or illegitimate, leaving it in a dependent condition, he or she as the case may be shall be guilty of a misdemeanor. He then charged that dependent condition meant where the parents do not furnish sufficient food, clothing or shelter for the needs of the child. The charge shows clearly that it is not subject to this alleged enumeration of error. See Code Ann. § 74-9902 (Ga. L. 1965, p. 197; 1967, pp. 453, 454; 1973, pp. 697, 699); *Williamson v. State,* 138 Ga. App. 306; *Hunt v. State,* 93 Ga. App. 84 (1) (91 SE2d 133); *Waters v. State,* 99 Ga. App. 727, 728 (109 SE2d 847).

2. The second enumeration of error complains of the failure of the court to charge that if the defendant did not renew his family relationship or parental obligation after his children were removed from Berrien County, Georgia without his knowledge or consent he would not be guilty of the offense of abandonment. The charge is not apt and is incorrect and is argumentative. The venue of the prosecution for the offense of abandonment is the county where the minor child first becomes dependent upon persons other than the parent for support. See *Fairbanks v. State,* 105 Ga. App. 27, 29 (123 SE2d 319); *Culpepper v. State,* 120 Ga. App. 62, 63 (169 SE2d 681); *Woolf v. State,*

113 Ga. App. 412 (2) (148 SE2d 199).
   *Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976.

*Elsie H. Griner,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.