## 53537. McCULLOUGH v. THE STATE.

MARSHALL, Judge.

The appellant was tried and convicted of the criminal abandonment of his minor child. He enumerates as error the refusal of the trial judge to grant a motion to dismiss at the conclusion of the state's evidence and that the bench trial judgment of guilt was unsupported by the evidence. *Held:*

The evidence reflects that the appellant and his ex-wife were divorced in September, 1974. The decree of divorce required the appellant to furnish $50 per week for the support of his child. The appellant made all the necessary child support payments through July, 1976. At that time, his business began to fail and, according to the appellant, he was unable to continue to make payments at that level. He offered evidence of his net worth and expenses as well as the fact that he had remarried. There also was evidence that the appellant had made some support payments in a lesser amount, but had not made the court ordered payments for 11 weeks prior to the complaint made by his ex-wife. He admitted he was still involved in his failing business, drawing unemployment compensation and a disability pension. The appellant asserts that, inasmuch as he made some payments during the weeks prior to the complaint of his ex-wife, and visited the child, the child was living in a home which the ex-wife derived from the marriage, and the child had been well fed and cared for, there was no evidence that the appellant had wilfully abandoned the child or that the child was destitute.

There are two elements in the offense of abandonment of a child: (a) desertion and (b) dependency. Both elements must be present to complete the offense. *Harris v. State,* 105 Ga. App. 448 (124 SE2d 696) (1962); *Fairbanks v. State,* 105 Ga. App. 27, 29 (123 SE2d 319) (1961). Concerning the question of destitution, under the present provision of the Penal Code dealing with child

abandonment (Ga. L. 1965, p. 197 (Code Ann. § 74-9902)), the offense of a father's abandoning his child is fully consummated if he abandons it in a dependent condition. *Waites v. State,* 138 Ga. App. 513, 514 (226 SE2d 621) (1976); *Goffe v. State,* 14 Ga. App. 275 (3) (80 SE 519) (1914). Before this section of the Penal Code of 1895 was amended in 1907, the offense was not complete unless the father left the child both dependent and destitute. An allegation that the child was abandoned in a destitute condition is surplusage, and no longer need be proved, it being sufficient to allege and prove that the father abandoned his child and left it dependent. *Cleveland v. State,* 7 Ga. App. 622 (67 SE 696) (1910); *Daniels v. State,* 8 Ga. App. 469 (1) (69 SE 588) (1910). In *Campbell v. State,* 20 Ga. App. 190, 191 (92 SE 951) (1917) this court held: "We bring nothing into the world, literally, so far as food, shelter, and clothing are concerned. The unnamed infant referred to in the indictment was no exception to the rule. It needed food, clothing and shelter; it had to depend upon its mother for its food, its clothing, and its shelter, because it had no property of its own . . . The child is, in law, dependent upon the father for its food, shelter, and clothing, and it is the legal duty of the father to provide them. If the child is fed at the mother's breast, and if the mother be abandoned by the father . . . the child is abandoned by the father. The fact that the mother supplied the food, shelter, and clothing is no legal defense to an accusation against the father. . ."

However, the appellant argues that he did not abandon the child because he furnished as much support as he was able. The question then tends to resolve itself into whether, after a decree of divorce and an award for the support of a child, the father of that child can be prosecuted for abandonment where he does not comply with the judgment or has only partially complied with the decree of the court. This question was settled in the case of *King v. State,* 12 Ga. App. 482 (77 SE 651) (1913), wherein Judge Russell, speaking for the court, said: "1. A judgment for alimony is not necessarily a bar to a prosecution for abandonment. 2. Without reference to the effect generally of a judgment for alimony upon a prosecution for abandonment, a judgment for alimony

against the accused and in favor of his wife and children would constitute no defense where it appeared that after the rendition of such judgment he abandoned his children, leaving them in a dependent condition, and failed to comply with the judgment. While it appears in the present case that the accused partially satisfied the judgment for alimony, there was evidence that he had not paid the judgment in full, and that he had abandoned his children, leaving them at that time in a dependent condition." See *Ozburn v. State,* 79 Ga. App. 823, 824 (54 SE2d 376) (1949). As to the question of the defense of partial support and the inability to provide more, these are questions solely addressed to the discretion of the fact finder, in this case the trial judge. *Waters v. State,* 99 Ga. App. 727, 728 (3) (109 SE2d 847) (1959). The appellant's contentions were decided adversely to his interests, but based upon some evidential support. It has been held consistently that, even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378) (1976); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868) (1964).

Based upon the foregoing, the trial judge did not err in failing to grant the appellant's motion to dismiss at the conclusion of the state's evidence, nor in returning the finding of guilty.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED APRIL 5, 1977.

*Harrison, Jolles, Miller & Bush, Howard S. Bush,* for appellant.

*J. Edward Slaton, Solicitor, Sam B. Sibley, Jr., Assistant Solicitor,* for appellee.