## 55256. MOODY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for abandonment of his child. *Held:*

1. Error is assigned on the failure to grant defendant's demand for indictment by a grand jury. It is urged that under Code Ann. § 27-705 (Ga. L. 1956, p. 337) this right to indictment is absolute provided a demand is made.

Code Ann. § 27-705 reads: "In misdemeanor cases in which the defendant is charged with the offense of bastardy, wife-beating, or abandonment, trial may be had in all superior courts of this State upon accusation unless the defendant shall in writing prior to his plea demand indictment by a grand jury." However, Code Ann. § 24-2106a (Ga. L. 1970, p. 679, 681) dealing specifically with state courts gives such courts jurisdiction over all misdemeanor cases and provides: "The accused in criminal proceedings in said court shall not have the right to indictment by the grand jury of the county." This case was tried in the State Court of Bibb County.

As we construe the Acts in question, Code Ann. § 27-705 applies to a trial in a superior court, but as to a trial in a state court, Code Ann. § 24-2106a is both applicable and controlling.

There is no merit in this enumeration of error.

2. It is contended that the evidence is insufficient to sustain the verdict and judgment entered thereon.

"There are two elements in the offense of abandonment of a child: (a) desertion and (b) dependency. Both elements must be present to complete the offense." *McCullough v. State*, 141 Ga. App. 840 (234 SE2d 678). "Support and custody are not necessarily concomitants.

The father must support the child whether it lives with him or not." *Waters v. State,* 99 Ga. App. 727 (1) (109 SE2d 847). In *Williamson v. State,* 138 Ga. App. 306, 307 (226 SE2d 102) (the author of the present opinion dissenting), it was held: "In Georgia, a father is duty-bound and by law he is bound to support his child irrespective of whether the child owns property or has money sufficient to support himself and irrespective of whether the mother may have an estate that is ample to support the child, and irrespective of any agreement the mother may make as to such support. If the father does not comply with that duty imposed upon him by law, then this is *intentional and wilful,* voluntary abandonment as provided for in Code Ann. § 74-9902."

Here, there was evidence that from the time charged in the accusation August 28, 1976, until the time of the commencement of the prosecution October 21, 1976, the defendant sent only $3 for child support; that the mother paid for the child's food and clothing. The defendant offered evidence that he was unable to secure employment and lacked funds to support his child. Under these circumstances the issue of whether there was an intentional and voluntary abandonment was for the jury and the jury's resolution contrary to defendant's contention will not be disturbed by this court. *Heard v. State,* 79 Ga. App. 601, 604 (54 SE2d 495); *Dyer v. State,* 87 Ga. App. 440, 442 (74 SE2d 129); *Waters v. State,* 99 Ga. App. 727, supra, 728 (3).

3. There is no merit in any remaining enumerations of error.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Submitted February 6, 1978 — Decided April 25, 1978.

*Charles M. Leverett,* for appellant.

Walter Leroy Moody, Jr., *pro se.*

*Clarence H. Clay, Jr., Solicitor, James M. Wootan, Mark A. Palmer, Assistant Solicitors,* for appellee.