## 58353. LANCETTE v. THE STATE.

ARGUED SEPTEMBER 4, 1979 — DECIDED OCTOBER 1, 1979 —
REHEARING DENIED OCTOBER 16, 1979 —

*Michael C. Ford, Diane Josey Ford,* for appellant.
*Hinson McAuliffe, Solicitor,* for appellee.

DEEN, Chief Judge.

1. The defendant admitted that he and the prosecutrix lived together for some period of time before she moved to Alabama, and that she returned during the month of August, 1977, and again stayed in his apartment, although he denied having relations with her at that time (which coincides with the approximate time of conception). The prosecutrix for her part testified that she had not had relations during that time with any other person and that the infant was the child of the defendant. The evidence was sufficient. The refusal to direct a verdict of acquittal or grant the motion for new trial was proper. *Williamson v. State,* 138 Ga. App. 306 (226 SE2d 102) (1976).

2. The instruction by the court: "Limit your comments strictly to what is in evidence" did not improperly restrict the comments of defense counsel. Code § 81-1009. Enumerations 1 and 2 are without merit.

3. In the third enumeration the defense complains of the overruling of an "omnibus motion" which requested, among other things, access to unidentified papers allegedly in the possession of one Roman Deville, an attorney hired by the prosecutrix. The solicitor stated in his place that he did not want or accept assistance, did not know what, if anything, Deville had in his file, and made no use of any papers which that attorney may have had. Any error in overruling the motion was under these circumstances harmless; and no cause was shown

requiring the grant of a continuance.

4. Grounds 7 through 12 complain that the defendant's right of cross examination was unduly restricted. The questions asked were: "During any of these times that you were in Washington did you have an occasion to become pregnant?" and "Now, do you use marijuana?" In the same context the defendant complains in special ground 12 that "the court allowed improper and suggestive questions," apparently referring to the question, "Did you ever ask Len whether he was the father of that child?" the answer to which was immediately on objection ordered to be stricken. The rulings were proper. Until a foundation showing the relevancy of a line of questioning is established so as to come within the "other crime" exception one may not, under the guise of attacking the witness' credibility, ask questions suggesting illegal or immoral conduct in areas other than that before the court. As stated in Code § 38-1704: "It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor." The relevancy and materiality of such line of questioning rests, even on cross examination, largely within the discretion of the trial judge. *O'Neal v. State,* 138 Ga. App. 491 (1) (226 SE2d 313) (1976).

5. A letter written by the defendant to the prosecutrix was introduced in evidence. It was not error to ask the defendant what kind of letter he had written, to which he answered that it was for information. The thrust of the question was to establish the defendant's motive in writing the letter rather than the truth of its contents. Code § 38-302.

6. The remaining enumerations of error fail to present any coherent assignment of error for review. Grounds 16 and 18 do not identify what objections were made to the recall of witnesses or what alleged requests to instruct the jury were not given in substantially the language requested. As to the question of supersedeas, the record contains no order refusing to allow a supersedeas pending the appeal as contended in the 19th enumeration of error.

*Judgment affirmed. Shulman and Carley, JJ.,*

*concur.*