## 58675. HARDIN v. THE STATE.

Deen, Chief Judge.

1. The testimony of the prosecutrix on the trial of this accusation for abandonment of an illegitimate child, supported to some degree by the testimony of other witnesses, is to the effect that the parties were dating from prior to the time of conception to after the birth of the child and that during that time the prosecutrix had sexual relations with no one except the defendant. The defendant denied the child was his, thus making a jury issue, and the verdict is supported by evidence.

2. The remaining enumeration of error avers that the defendant's right of cross examination was unduly inhibited because evidence was refused that the alleged former boyfriend and father of the first child of the prosecutrix "was a black man and his child borne by the prosecuting witness was a half breed." The race of a former lover of the prosecutrix (who in fact admitted that the older child was also illegitimate and was the son of another man) was utterly irrelevant to any issue regarding the parentage of the younger child. It was properly excluded from evidence. Code § 38-202. As to the irrelevance of testimony regarding prior sexual conduct of the prosecutrix, cf. *McCalman v. State,* 121 Ga. 491 (2) (49 SE 609) (1904).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED NOVEMBER 13, 1979.

*James L. Mayson,* for appellant.
*William H. Brandon,* amicus curiae.
*John R. Thompson, Solicitor, R. Winston Harvey, Jr., Assistant Solicitor,* for appellee.