## 63192. MINNIX v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of misdemeanor child abandonment under Code Ann. § 74-9902.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal. Appellant and the prosecutrix are not married and have never lived together. The accusation charging appellant with abandonment of his illegitimate child alleged that the crime had occurred on December 25, 1978, in Muscogee County, Georgia. However, the evidence at trial demonstrated that on that date the child had been born, not in Georgia, but in Florida. The prosecutrix had apparently left her home in Muscogee County some months prior to the birth of her child and was living in Florida with her sister when the child was born. The prosecutrix then returned to her home in Muscogee County a few weeks after the birth of the child, in late January or early February of 1979. It is essentially appellant's position that, in view of this evidence that the child was born in Florida, the other evidence adduced at trial would not authorize a finding that he was guilty of the completed crime of child abandonment in Muscogee County. See generally *Jemmerson v. State,* 80 Ga. 111 (5 SE 131) (1887); *Gay v. State,* 105 Ga. 599 (31 SE 569) (1898); *Turner v. State,* 56 Ga. App. 488 (193 SE 78) (1937);

*Weltzbarker v. State,* 89 Ga. App. 765 (81 SE2d 301) (1954).

"There are two elements in the offense of abandonment of a child: (a) desertion and (b) dependency. Both elements must be present to complete the offense. [Cits.] . . . [T]he offense of a father's abandoning his child is fully consummated if he abandons it in a dependent condition. [Cits.]" *McCullough v. State,* 141 Ga. App. 840 (234 SE2d 678) (1977). However, "regardless of where the abandonment (desertion) may have had its beginning, . . . the crime is consummated at the place where the child becomes dependent upon persons other than the parent. [Cits.]" *Fairbanks v. State,* 105 Ga. App. 27, 30-31 (123 SE2d 319) (1961). In the instant case, the evidence did not demand a finding that appellant had "deserted" the child during the very few weeks she was living in Florida rather than after her return to the prosecutrix's home in Georgia. See *Brock v. State,* 51 Ga. App. 414 (180 SE 644) (1955); *Funderburk v. State,* 91 Ga. App. 373 (85 SE2d 640) (1955). "Desertion" means " 'the wilful forsaking and desertion of the duties of parenthood . . .' [Cit.]" *Waites v. State,* 138 Ga. App. 513, 514 (226 SE2d 621) (1976). Furthermore, the evidence would authorize a finding that, pretermitting appellant's actions or inactions with regard to the prosecutrix and the child while they lived in Florida, the crime of abandonment was not "consummated" by the child's dependency upon others until after her return to Georgia. See *Garrett v. State,* 41 Ga. App. 545 (153 SE 628) (1930). See also *Nunn v. State,* 39 Ga. App. 643 (148 SE 165) (1929); *Sikes v. State,* 37 Ga. App. 164 (139 SE 87) (1927). Accordingly, the cases relied upon by appellant are distinguishable for the reasons stated in *Fairbanks v. State,* 105 Ga. App. 27, 31, supra. "Abandonment" within the meaning of Code Ann. § 74-9902 was shown to have occurred in Georgia and venue was proper in Muscogee County under that statute.

It is not material to the resolution of this enumeration that the accusation's allegation that the crime occurred in Muscogee County on December 25, 1978, a time when the child lived in Florida, is at variance with the evidence adduced at trial demonstrating that the abandonment in fact occurred some weeks or months later after the return of the prosecutrix and child to Muscogee County. See generally *King v. State,* 155 Ga. App. 418 (271 SE2d 16) (1980). Compare *Johnson v. State,* 153 Ga. App. 771 (266 SE2d 551) (1980). The mere fact that it was "impossible" for the crime alleged in the accusation to have been committed on the date alleged therein did not authorize the grant of a motion for a directed verdict of acquittal. See generally *Harris v. State,* 58 Ga. 332, 333 (2) (1877). The evidence supports the verdict. *Hunt v. State,* 101 Ga. App. 126 (112 SE2d 817) (1960); *Lancette v. State,* 151 Ga. App. 740 (1) (261 SE2d 405) (1979);

*Hardin v. State,* 152 Ga. App. 278 (1) (262 SE2d 565) (1979). We find no error in the denial of appellant's motion for a directed verdict of acquittal for any reason urged on appeal.

2. Appellant enumerates as error the denial of three motions for mistrial made in three separate instances. As to the two motions made during the course of the evidentiary portion of the trial, the appellant did not renew his motion or make further objection after the trial court instructed the jury to disregard certain comments of the solicitor. Thus, he cannot complain on appeal. See generally *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152) (1965); *Delaney v. State,* 154 Ga. App. 772 (1) (270 SE2d 48) (1980). As to the third motion, made during the solicitor's closing argument, appellant "has not met his burden of establishing the alleged error by the record. [Cits.]" *Stephens v. State,* 156 Ga. App. 859, 860 (275 SE2d 758) (1980). Accordingly, these enumerations are meritless.

3. During the charge, the trial court instructed the jury in the language of Code Ann. § 74-9902 (c) "that if its verdict [was] for the acquittal of [appellant], and that its reason for so finding [was] that [appellant was] not the father . . . of the child alleged to have been abandoned, . . . its verdict [should] so state . . ." Appellant objected to this charge on the ground that it, in effect, instructed the jury that an acquittal of appellant "must be predicated on an affirmative finding [that] he is not the father, and [the charge] does not include [the] reasonable doubt [standard.]" On appeal, appellant urges that the charge quoted above was "burden shifting" under *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), and that the jury should have been instructed that it could have returned a verdict finding appellant "not guilty because we have a reasonable doubt that [appellant] is the father."

The jury was otherwise fully and fairly instructed on appellant's presumption of innocence and the "reasonable doubt" standard that must be met in order to convict appellant. The charge quoted above placed no burden whatsoever on appellant to prove non-paternity. It merely instructed the jury that *if* its verdict was for acquittal because it found non-paternity, the verdict returned should so state. Thus, the challenged instruction — viewed in the context of the entire charge — merely instructed the jury as to the *form* in which its verdict should be returned in the event that appellant's presumption of innocence on the paternity issue had not been overcome and appellant was acquitted on that ground. The charge placed no burden on appellant to disprove paternity as a requirement for acquittal and the jury was otherwise fully instructed on the state's burden of proving appellant's guilt. We find this enumeration to be without merit. Cf. *Miller v. State,* 150 Ga. App. 597, 599 (3) (258 SE2d 279)

(1979).

4. We find no reversible error in the trial court's giving of the "Allen" charge. See *Barnes v. State,* 245 Ga. 609, 610 (5) (266 SE2d 212) (1980); *Harris v. Collins,* 149 Ga. App. 638, 639 (2) (255 SE2d 107) (1979).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 5, 1982.

*William L. Tucker, Walter F. Johnson, Jr.,* for appellant.
*Robert Johnson, Solicitor, Andrew Prather, Assistant Solicitor,* for appellee.