### 67046. TUTT v. THE STATE.

BANKE, Judge.

Following a bench trial, the defendant was found guilty of abandonment of a dependent child. He enumerates four alleged errors on appeal. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt both that the defendant was the father of the child in question and that he wilfully and voluntarily abandoned the child by failing to furnish support payments on its behalf. See generally OCGA § 19-10-1 (b) (former Code Ann. § 74-9902); *Padova v. State,* 151 Ga. App. 167 (1) (259 SE2d 169) (1979).

2. The defendant contends that the accusation setting forth the charge against him was invalid because it "had been retyped from the dead docket after a period of three years." There is nothing in the record to support the contention that this case was ever placed on the dead docket, and no objection to the accusation was made on this or any other ground prior to or during the trial. In fact, the defendant specifically acquiesced to being tried under the accusation. "[U]nless the defects appearing in the indictment or accusation are so great that the indictment or accusation is absolutely void, [the] right to a perfect indictment or accusation may be waived, and is waived by going to trial under a defective indictment or accusation without complaint. [Cits.]" *Moore v. State,* 94 Ga. App. 210, 213 (94 SE2d 80) (1956).

3. The defendant contends that the court erred in admitting a ledger card from the probation office, offered to show his

discontinuance of support payments, because the document was irrelevant to the issues in the case. No such objection was asserted at trial, and the evidence was, in any event, clearly relevant.

4. The trial court did not err in refusing the defendant's request for a paternity blood test following the close of the evidence in the case. OCGA § 19-10-1 (f) (Code Ann. § 74-9902) requires that such request be made by pre-trial motion.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 25, 1983.

*Walton Hardin, Jr.,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Harold W. Wallace III, Assistant District Attorneys,* for appellee.