### 71130. CHAPMAN v. THE STATE.
#### (340 SE2d 237)

POPE, Judge.

Ivan Chapman brings this appeal from his conviction of abandonment under OCGA § 19-10-1. *Held*:

1. Appellant's first enumeration cites as error the trial court's denial of his plea in abatement challenging the jurisdiction of the court. He argues that any abandonment of his children on his part occurred in North Carolina, not in Georgia. "Before the State can convict of this offense, two things must affirmatively appear: (1) the wilful and voluntary abandonment of a child by its father; (2) the leaving of the child in a dependent and destitute condition. It is not only necessary that these two things should affirmatively appear, but it also must appear that they occurred in this [s]tate." *Jemmerson v. State*, 80 Ga. 111, 113 (5 SE 131) (1888).

The evidence of record shows that prior to their separation in 1977, appellant and his ex-wife (the prosecutrix in this case) had been married and were living together in Murphy, North Carolina. In November of 1977, at the insistence of appellant, the prosecutrix and the two minor children of the marriage left the family domicile in North Carolina. The prosecutrix and the children moved to the home of her parents in Stephens County, Georgia. In July 1979 appellant and the prosecutrix obtained a divorce in North Carolina. A separation agreement between appellant and the prosecutrix incorporated into the divorce decree provided that custody of the children would be in the prosecutrix and that she would be responsible for the total maintenance of the children except for hospitalization insurance to be provided by appellant through his work. The agreement further provided that appellant would have certain visitation rights and "shall contribute to the support and maintenance of said children any amounts he deems appropriate even though he is under no obligation to do so by the terms of this Agreement." The prosecutrix testified that appellant had contributed nothing in the support and maintenance of the children except the hospitalization insurance. Appellant testified that he had occasionally provided the children with clothing and small amounts of money. There is no dispute in the evidence, however, that

since the separation and divorce appellant had regularly visited his minor children, driving from North Carolina to Georgia to pick them up for a weekend stay in North Carolina as often as twice a month. During the summers the children had stayed with appellant in North. Carolina for extended periods of time.

"The abandonment [of dependent children under OCGA § 19-10-1] is something more than 'leaving them in a dependent and destitute condition.' It means the forsaking and desertion of the children; the refusal of the father to live where they are domiciled, and to perform the duties of a parent to his offspring. If he abandons them in this manner in this [s]tate, and leaves them dependent and destitute, the offense is complete. If he abandons them in another [s]tate, and they subsequently come into this [s]tate and are dependent and destitute, the offense is not complete, although the father has knowledge of their condition, *unless he had received them and recognized them in some way, as his family, after they had come into this [s]tate.*" (Emphasis supplied.) *Jemmerson v. State*, supra at 114. Accord *Glad v. State*, 85 Ga. App. 312 (69 SE2d 699) (1952). In our view, appellant's regular exercise of his visitation rights under the circumstances in this case showed that he had received and recognized his minor children as his family after they had come into this state. Compare *Weltzbarker v. State*, 89 Ga. App. 765 (81 SE2d 301) (1954), wherein jurisdiction of the offense of abandonment was found to be in Florida rather than Georgia because defendant's desertion of his dependent children in Florida remained continuous and he never again resumed his parental duties and status in regard to them in Georgia. See also *Fairbanks v. State*, 105 Ga. App. 27 (123 SE2d 319) (1961), wherein venue of a prosecution for abandonment was found to be proper in Catoosa County, Georgia where the minor child was born after the mother had left defendant father in Tennessee, the court holding that "regardless of where the abandonment (desertion) may have had its beginning, . . . the crime is consummated at the place where the child becomes dependent upon persons other than the parent." Id. at 30-31. It follows that the trial court did not err in denying appellant's plea in abatement challenging the jurisdiction of the court.

We note in passing that we are not called upon in this appeal to address the issue of whether the evidence which we now find sufficient to establish jurisdiction of the offense in turn demands a finding as a matter of law that appellant had not wilfully forsaken and deserted the duties of parenthood so as to render him culpable to the charge of abandonment. See *Funderburk v. State*, 91 Ga. App. 373 (85 SE2d 640) (1955); *Blackwell v. State*, 48 Ga. App. 221 (1b) (172 SE 670) (1934).

2. Appellant's remaining enumeration assigns error to the trial court's "not giving full faith and credit" to the North Carolina divorce

decree and in not allowing a properly certified copy of same to be admitted into evidence. Appellant asserts that the full faith and credit clause of the Constitution, applied to the child support provision of the North Carolina divorce decree, has the effect of barring a criminal prosecution for abandonment in Georgia. Assuming arguendo that a civil judgment of one state can preclude a criminal action in another state, we nonetheless find this argument to be without merit.

"It is settled by repeated decisions of [the United States Supreme Court] that the full faith and credit clause of the Constitution requires that the judgment of a [s]tate court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other [s]tate the same credit, validity and effect which it has in the [s]tate where it was rendered, and be equally conclusive upon the merits. . . ." *Roche v. McDonald*, 275 U. S. 449, 451-52 (48 SC 142, 72 LE 365) (1928). Under North Carolina law parents are under a legal, as well as a moral obligation to educate and support their children. A wilful failure of a parent to perform his duty is a crime. Further, a father cannot, by contract, relieve himself of his obligation to support his child. *Goodyear v. Goodyear*, 126 SE2d 113 (2, 3, 5) (N. C. 1962); *Pace v. Pace*, 94 SE2d 819 (3) (N. C. 1956). No agreement between husband and wife will serve to deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of dependent minor children. *Bishop v. Bishop*, 96 SE2d 721 (3) (N. C. 1957). The foregoing is in accord with Georgia law. *Crawford v. State*, 166 Ga. App. 643 (1) (305 SE2d 403) (1983); *Williamson v. State*, 138 Ga. App. 306 (226 SE2d 102) (1976). Under the law of Georgia, the child support provision of the subject divorce decree provides no bar to a subsequent prosecution for abandonment. Id. We view the law of North Carolina as providing a similar result. Thus, giving the subject child support agreement the same credit, validity and effect in Georgia that it has in North Carolina, said agreement provides no bar to the instant abandonment proceeding.

However, as to whether the North Carolina divorce decree was admissible in evidence on the issue of intent, we agree with appellant that the trial court erred in excluding it. Conviction under OCGA § 19-10-1 requires proof that the father or mother has "willfully and voluntarily" abandoned a dependent child. The child support and visitation provisions of the divorce decree, while providing no defense to the charge of abandonment, are clearly relevant evidence on the issue of intent in this case. Accord *State v. McMains*, 241 P2d 976, 982-84 (Okla. Crim. 1952). See *Williamson v. State*, supra at (5). On the basis of the record before us, we cannot say that it is highly probable that this error did not contribute to the jury's verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). Accordingly, ap-

pellant's conviction must be reversed.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 24, 1986.

*Willie J. Woodruff, Jr.*, for appellant.
*James E. Cornwell, Jr., Solicitor*, for appellee.