### 72836. CHAPMAN v. THE STATE.
(352 SE2d 216)

Deen, Presiding Judge.

The appellant, Ivan Chapman, was convicted of abandonment of his minor children in violation of OCGA § 19-10-1. On appeal, he contends that the evidence was insufficient to support the conviction, and that the trial court made several errors in the instructions to the jury.

1. In 1977 Chapman forced his wife and two minor sons to leave their home in Murphy, North Carolina. They moved to the home of the wife's parents in Stephens County, Georgia. In 1979 the parties were divorced in North Carolina, the decree providing that the mother have custody and under the terms of a 1977 separation agreement incorporated in the judgment the defendant father was relieved of any child support except for health insurance.

During the time from 1979 to 1984, Chapman exercised his visitation rights provided by the divorce decree, paid the children nominal amounts of money and gave them gifts. He did not provide sufficient food, clothing or shelter to meet the needs of the children, which were provided by the mother. An accusation charging Chapman with child abandonment was filed in November 1984.

" 'There are two elements in the offense of abandonment of child:

(a) desertion, that is, the willful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition.'" *Harris v. State*, 105 Ga. App. 448 (124 SE2d 696) (1962). The preamble to our 1983 Constitution recites as one of its aims to "promote the interest and happiness of the citizens and of the family." Commensurate with that objective, the abandonment statute therefore has the function of punishing those who wilfully abandon and fail to carry out their parental responsibilities with regard to support of their children.

When this case was previously before our court on the issue of jurisdiction, *Chapman v. State*, 177 Ga. App. 580, 581 (340 SE2d 237) (1986), we held: "In our view, appellant's regular exercise of his visitation rights under the circumstances in this case showed that he had received and recognized his minor children as his family after they had come into this state." Chapman urges that since this court has determined he has recognized the children in Georgia there is a failure to prove he wilfully and voluntarily abandoned the children. It is contended that he did not have custody under the divorce decree and therefore the first element necessary for a conviction is absent.

While fully recognizing the two essential elements for abandonment, for a long time this court has dealt with the failure to provide necessities by a separated parent who does not have actual custody. In *Moore v. State*, 1 Ga. App. 502, 504 (57 SE 1016) (1907), it was pointed out that the father's obligation to provide support continued even if the mother deserted him taking the children with her. It was noted that even misconduct by the mother as the cause of separation was no defense to a prosecution for abandonment. See *Parrish v. State*, 10 Ga. App. 836, 838 (74 SE 445) (1912) where the husband was driven from home and threatened with death. The court observed: "Even if it is necessary for the defendant to leave his wife as a matter of self-preservation, this will not relieve him from the duty of providing for the support of the child. And this means the care of the child in the custody of its mother, wherever she may be, and even while living apart from her husband, so long as she has the custody of the child. . . . It is true that the abandonment which is penalized by law is voluntary abandonment, and it must appear that the father willingly withholds support from the child, but support and custody are not necessary concomitants. The father must support the child whether it lives with him or not." *Parrish*, supra at 838.

At a time under our law when the child must have been shown to be both dependent and destitute, the Supreme Court amplified the rule of law: "A child is entitled to care, protection, and support from its father. But it may be that he is necessarily separated from his family. If under such circumstances, through the medium of money or otherwise, he provides, as far as possible, a substitute for himself, and

for the care, protection, food, and clothing which he would presumptively furnish if present, the statute is not violated by his absence. If after having lawfully left his family, and furnished money and arranged for their care and protection, he should wilfully and voluntarily discontinue what he had been doing, and if as a result his children were left destitute and dependent, the statute would be violated, although at the time of its violation he was separated from the children." *Brown v. State*, 122 Ga. 568, 570 (50 SE 378) (1905). In short, the duty of support is not dependent on the right to custody. *Pasley v. State*, 215 Ga. 568, 569 (1) (113 SE2d 454) (1960).

This theory has carried over into the situation where under the divorce decree the wife has been awarded custody. In such case the cause of the actual separation is the decree. Nevertheless, "[t]he fact that a divorce decree has been entered placing custody of minor children in the mother will not bar a prosecution for abandonment on the theory the defendant cannot 'abandon' children whose custody has been taken from him by process of law." *Dyer v. State*, 87 Ga. App. 440 (2) (74 SE2d 129) (1953); *Barrow v. State*, 87 Ga. App. 572, 573 (74 SE2d 467) (1953). In the *Dyer* case, supra, this court recognized that "desertion" within the contemplation of the code means a "wilful forsaking and desertion of the duties of parenthood" and observed that: "It is true that some of the duties of parenthood — indeed, most of them — were removed from the father by the decree placing the children's custody in their mother. One duty, however, of parenthood did remain — that of support." *Dyer*, supra at 442.

In the landmark decision of *Williamson v. State*, 138 Ga. App. 306, 307 (226 SE2d 102) (1976), a father defended a charge of abandonment on the basis that he did not have custody and under the terms of a settlement agreement incorporated into the decree he was absolved of any responsibility to provide support for his children. This court held he had the duty of support irrespective of any agreement and "[i]f the father does not. comply with that duty imposed upon him by law, then this is *intentional and wilful*, voluntary abandonment as provided for" in the code. Id. p. 307. It may therefore be fairly stated that in those circumstances where by legal decree the parent's responsibility is reduced basically to providing necessities, if he abdicates that duty, wilfully and voluntarily, it is implicit that he has abandoned his children. See also *Moody v. State*, 145 Ga. App. 734 (245 SE2d 40) (1978).

Here, there is evidence, although contradicted by witnesses for defendant, that the defendant wilfully forsook his parental duties and failed to support his minor children. Further, this occurred at a time subsequent to their arrival in Georgia and within two years before the filing of the accusation. See *Phelps v. State*, 10 Ga. App. 41, 44 (72 SE 524) (1911). Hence, a rational trier of fact could have found de-

fendant guilty beyond a reasonable doubt. *Jones v. State*, supra; *Tutt v. State*, 168 Ga. App. 599 (1) (310 SE2d 14) (1983). As aptly noted by the state, to reverse the conviction in this case for insufficiency of the evidence would render the abandonment statute "useless because every noncustodial parent will avoid criminal sanctions by pleading love and affection, financial support be hanged."

2. It was not error to decline Chapman's requests to charge which were either covered in the jury charge or involved principles not applicable here where there was a divorce award of custody to the mother. See cases cited in Division 1.

3. That portion of the charge attacked by the third enumeration of error was a correct statement of the law. *Dailey v. State*, 103 Ga. App. 117, 118 (118 SE2d 379) (1961); *Smith v. State*, 42 Ga. App. 419 (2) (156 SE 308) (1930).

4. The court also charged: "If the Father should drive the Mother and the minor child or children away from home, or if they are forced to leave to be safe from anticipated assaults of which they are justifiably apprehensive, under the law, if you so find, such an action could constitute the first element of the offense of abandonment." This instruction was a correct statement of the law. *Nelson v. State*, 77 Ga. App. 255, 258 (48 SE2d 570) (1948), but, as pointed out by the appellant, it was irrelevant and not adjusted to the issues of this case.

In view of our ruling in *Chapman*, supra, the issue in the instant case is whether, since the divorce in 1979 and the resumption of the parent-child relation in Georgia, the father has abandoned the children. For that reason, the incident in 1977, which provides the sole basis for the charge objected to, actually was not a factor for the jury's determination. Nevertheless, considering the quantum of evidence and the instructions to the jury as a whole, we conclude that it is highly probable that giving this irrelevant jury charge did not contribute to the verdict, and thus would not constitute reversible error. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Pope and Benham, JJ., concur. Carley, Sognier, and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur fully in the erudite majority opinion with the exception of that portion of the fourth division which begins "[n]evertheless." In my view the questioned charge was harmful.

In the former appearance of this case, *Chapman v. State*, 177 Ga. App. 580, 581 (340 SE2d 237) (1986), we held that jurisdiction was properly in Georgia because of defendant's recognition of his children as his family in Georgia. Under different circumstances, the original acts of the father would supply the first essential element — that of

wilful and voluntary separation despite the passage of time because abandonment is not complete until the children become dependent and, since the statute of 1941, it is a continuing offense. *Hall v. State,* 202 Ga. 42, 47 (3) (42 SE2d 130) (1947); *Bailey v. State,* 214 Ga. 409, 412 (2) (105 SE2d 320) (1958).

As correctly posited by the majority the focus here is directed towards whether the father abandoned his children in Georgia. The 1977 incident in North Carolina has no bearing on that determination. Yet, the instruction informed the jury that if they found the father forced the mother and children to leave their home that could constitute the first element of abandonment. This alien injection could not help but mislead and confuse the jury as to the true issue. For that reason the charge was harmful error and thus fatal to the conviction.

I would reverse the judgment.

I am authorized to state that Judge Carley and Judge Sognier join in this opinion.

DECIDED DECEMBER 5, 1986 —
REHEARING DENIED DECEMBER 18, 1986.

*Willie J. Woodruff, Jr.,* for appellant.
*James E. Cornwell, Jr., Solicitor,* for appellee.